*Swearingen, Samuel & Davis vs. Knox, adm'r, &c.*

## ERROR to St. Louis Court of Common Pleas.

HOCKADAY *for Plaintiff in Error,* (written argument filed.)

R. M. FIELD *for Plaintiff in Error, insists :*

1st. That none of the questions made on the trial are properly brought into this Court, as the motion for a new trial is not embraced in the bill of exceptions, and no exception appears to have been taken to the action of the Court on it. Nor does the bill of exceptions profess to set out the whole evidence.

That there must be a motion for new trial. See Higgins vs. Breen, and Alexander vs. Schreiber, decided at last term.

That the Court will take no notice of a motion for new trial unless it be preserved in the bill of exceptions. See Benoist & Hackney, 7 Mo. Rep. 224. Alexander vs. Schreiber, *ut supra.*

2d. That there was no error in the instructions and decisions of the Court below. The instruction as to the execution, is sanctioned by the authority of two cases in Wendell's Reports, expressly to the point: Farr & Emmons vs. Smith, 9 Wend. 338; Toop vs. Bently, 5 Wendell 276.

That the constable is liable for the acts of his deputies. See Statutes of 1835, p. 116, §5.

Besides, the evidence shows that the defendant below assented to the trespass of the deputy, and directed the sale of the horse: and a subsequent assent to a trespass, is equivalent to a prior command.

SWEARINGEN, SAMUEL & DAVIS vs. KNOX, ADMINISTRATOR, &c.

10    31
L92a ³196

1. Issues of fact cannot be tried by the Court on a submission of one party, in the absence of the other.

2. An objection to a special plea, that it amounts to the general issue, can only be taken by a special demurrer.

3. Where a note is executed by an agent, his authority must be proved.

## ERROR to St. Louis Circuit Court.

GEYER *for Plaintiffs in Error, insists :*

1st. The case was set on the trial docket for the 21st May, and when it was called on that day there were demurrers undisposed of, so that according to the standing rules of the Court, it was

postponed until the next calling of the law docket. No reason is assigned, or appears on the record, for trying the issues out of the order prescribed by the rules. This is an irregularity, for which the verdict and judgment ought to have been set aside, on the motion of the defendants below. The overruling of the motion was, then, manifest error. That there was irregularity in taking up the cause out of its order, there can be no question. That the motion of the defendants was in time, is equally clear.

2d. There was both error and irregularity in allowing an amendment to be made in the record at a term succeeding that at which the judgment was rendered, pending a motion to set aside that judgment, upon the *exparte* application of the plaintiff, without any notice to the defendant. Curry vs. Henry, 3 Johns. 140; Killpatrick vs. Rose, 9 Johns. 78.

3d. The application of the plaintiff was for an amendment of the judgment, and the Court proceeded to render a verdict on issues not before tried,—to determine issues of law not before determined,—and re-enter the identical judgment before rendered, all of which was done without notice to the opposite party, and while a motion to set aside the former judgment was pending; a proceeding altogether without warrant of law, and in total disregard of the rules of practice.

4th. Assuming that the Court might and did suspend its rules, and that it might do so without notice to any party at discretion, still there is error in sustaining the demurrers of the plaintiff to the fourth and fifth pleas. The declaration avers that the note sued on was made by the defendants, by and through Alex. T. Douglass. The pleas deny the power and authority of Douglass to make the note—thus tendering an issue directly on the authority of the alledged agent, which it was competent for them to do. That authority is made a constituent of the plaintiff's right, it is according to the declaration, a cardinal fact, without proof of which he could not sustain the action. It was not necessary to deny the execution of the note on oath. The note is not charged to have been executed by the defendants. If it had been so charged, it would still have devolved on the plaintiff to prove the authority on the trial. Wahrendorff, et al vs. Whitaker, et al, 1 Mo. Rep. 146. It is no objection to the plea, that the same matter would have been put in issue, by the plea of non assumpsit,—the same thing may be said of a plea of fraud, infancy, and a great variety of defences, which may be specially pleaded, or will avail the party on the general issue. In this case the plaintiff has chosen to make the averment of authority special,—and thus has made a material fact directly traversable.

5th. The bill of exceptions shews that the cause was taken up, and the issues of fact tried by the Court, in the absence of the defendants and their counsel. In this also there is error; the defendants had put themselves upon the country, and were entitled to a trial by jury, of which they could not be deprived by the act of the Court. The mere fact that they were not found insisting on a trial by jury, is not a waiver of their right. Having put themselves upon the country, the Court had no right to assume a waiver,—they never submitted the issues to the Court,—and without their consent, the plaintiff could not transfer the trial from the country to the court.

DRAKE *for Defendant in Error.*

SCOTT, J., *delivered the opinion of the Court.*

Henry Clark sued the plaintiffs in error, who were defendants below, in assumpsit, on a promissory note executed by them, through A. T. Douglass for $850. The declaration contained two counts on the note, and also the common counts. There was an averment in the counts on the note that it was executed by the defendants, through their agent, A. T. Douglass.

To this declaration the defendants pleaded non-assumpsit, set off, and payment;—and to the two counts on the note pleaded, first, that Douglass was not their agent, and had not power to make said note; and secondly, that the note was not executed by them or their agent, thereunto authorized by them. Issues were joined on the first three pleas, and a general demurrer was entered to the two last. At this stage of the cause, the plaintiff Clark died, and the suit was revived in the name of William Knox, his administrator. In May, 1844, it appears that the parties came and submitted the demurrer to the Court, when it was sustained, and submitting the trial to the Court, the issues were found for the plaintiffs, and damages assessed, on which a judgment was entered. Afterwards on the 26th October following, the defendants moved the Court to set aside the judgment rendered in the cause. Afterwards the plaintiff moved to amend the entry of his judgment, which was accordingly done, *nunc pro tunc.* By this amendment it appears from the record, that the demurrers and issues were submitted to the Court by the plaintiff only, the defendants not being present, and who being called did not appear. After this the Court overruled the motion of the defendant to set aside the judgment. Exceptions were taken to these several proceedings of the Court. The record involves other questions, growing entirely out of the rules of practice of the St. Louis Circuit Court, which we deem unnecessary to notice.

The objection to the two last pleas was, that they amounted to the general issue. This defect could only have been reached by a special demurrer, therefore the Court erred in sustaining a general demurrer to them. . The Bank of Auburn vs. Jackson, 19 Johns. 300.

As to the defect of the pleas to which a demurrer was entered, this it seems is the test, whether a plea in bar is bad as amounting to the general issue. Any matter of defence which denies what the plaintiff on the general issue would be bound to prove, may and ought to be given in evidence under the general issue. But a ground of defence which admits the facts alleged in the declaration, but avoids the action by matter which the plaintiff would not be bound to prove on the general issue, may be specially pleaded. 1 Chitty 557.

It was held in the case of Wahrendorff & Ober vs. Whitaker and others, 1 Mo. Rep. 146, that in an action on a promissory note, executed by an agent, and non-assumpsit pleaded, it was necessary to prove the agency, although the plea was not supported by affidavit, denying the execution of the instrument. These pleas then would seem to violate the rule above stated.

It has been decided by this Court that where only one party appears, he cannot for the other dispense with a jury, and submit the trial of the issues to the Court. That a party cannot be said not to require a jury, unless he is present and waives it. Sutton vs. Clark, 9 Mo. Rep. 559. So in the case of Pratte & Cabanne vs. Corl, the Circuit Court in the absence of the defendants, assessed the damages which were unliquidated; when that case was brought to this Court it was held that, the defendants not appearing, the Court had no right to assume that they did not require a jury, and under such circumstances the damages could only have been assessed by a jury.

Judge NAPTON concurring, the judgment is reversed, and the cause remanded.