Klein *v.* Keyes et al.

*Appeal from Jefferson Circuit Court.*

*J. A. Beal*, for appellant.
*Philip Pipkin*, for respondent.

———————

KLEIN, Respondent, *vs.* KEYES & EICHELBERGER, Appellants.

1. Under the twenty-third section of article 1, of the act concerning " costs," (R. C. 1845,) evidence of a tender before suit brought is admissible, although the defendant does not bring the money into court, nor show that he has always been ready to pay it.
2. Under section twenty-six of article five of the act concerning justices' courts (R. C. 1845) the only consequence of a failure to deny the execution of a note sued upon under oath, is to relieve the plaintiff from the necessity of proving its execution. Under a plea of *non est factum* without affidavit, every other defence is admissible.
3. Between the original parties to a negotiable note, the consideration may be inquired into.
4. In an action upon a note given by one partner in the name of the firm, evidence is admissible that the note was given in part for a debt not growing out of the partnership business, and that this fact was known to the plaintiff.

*Appeal from St. Louis Law Commissioner's Court.*

*H. Dusenbury*, for appellants.
*John M. Krum*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was an action instituted in a justice's court, on a note, of which the following is a copy :

"St. Louis, May 7th, 1850.

"Six months after date, we promise to pay to the order of Michael Klein, one hundred and ten dollars, for value received, negotiable and payable at the Bank of the State of Missouri, without defalcation or discount.

"KEYES & EICHELBERGER."

After judgment, the case was taken by appeal from the justice's court to the law commissioner, where, on a trial *de novo,* a judgment was rendered for the amount of the note, from which an appeal was taken to this court.

Eichelberger's defence was, that the note was not a partnership transaction ; that only seventy-one dollars, part of the consideration of the note, was due on account of the firm ; that the balance of the consideration was for the private debt of Keyes, one of the makers, and that such fact was known to Klein when he received the note. Eichelberger also offered evidence to show that, before the beginning of the suit, he had tendered to the plaintiff the full amount due by him as a member of the firm, with lawful interest, and that he had tendered the same amount in court after the trial commenced ; that the note was executed by Keyes without the knowledge or consent of Eichelberger. Evidence, in support of this defence, was excluded and judgment was rendered for the amount of the note.

1. The twenty-third section of the act concerning costs in civil cases, has changed the common law in relation to a tender. That section provides that in all actions, where, before suit brought, tender shall be made and full payment offered, and the party to whom such tender shall be made, shall refuse the same, and yet afterwards will sue for the debt, he shall not recover any costs in such suit ; but the defendant shall recover costs as if judgment had gone in his favor upon the merits. Under this section it was not necessary, after a tender, to bring

the money into court, nor to show that the defendant had always been ready to pay ; the tender before suit brought only affecting the matter of costs. The evidence offered by the defendant was clearly admissible, under the law to which reference has been made.

2. As to the objection, that the party did not plead *non est factum* with an affidavit, in order to let in his defence, it may be remarked that, under the statute requiring an affidavit to a plea denying the execution of the instrument sued on, it has always been held, that the omission of the affidavit only relieved the plaintiff from the necessity of proving the execution of the instrument. Under such a plea, all other defences are as open to him as before the passage of the law making an affidavit necessary. No formal plea was required in the court in which this action was begun, nor any plea in writing.

3. As to the point that the note was negotiable, in addition to the fact that evidence was offered to prove that the plaintiff was aware of the misconduct of Keyes in giving the note, it may be remarked, that it has been repeatedly decided by this court that, although a note is in its terms negotiable under the statute, yet in an action between the original parties to it, the consideration may be inquired into.

4. It is next objected, that it does not appear what was the nature of the business of the partnership ; the note being executed in the partnership name, for aught that appears, banking may have been the business of the firm, or its trade may have been to make notes. This objection is answered in the remark, that the defendant offered to prove, that the note sued on was in part for a debt not growing out of the partnership business.

The ground on which a new trial was moved for in the court below was, that proper evidence had been excluded from the jury. Under this objection, it was competent for the defendant to raise the point he has made in this court. The judgment will be reversed and the cause remanded for a new trial, and if the facts offered to be proved are established, there will be a

judgment for the plaintiff for the sum tendered, and a judgment for costs will be given in favor of the defendant, the same as if the judgment had been for him. The other judges concur.