Pope v. Risley.

POPE & WEST, Defendants in Error, v. RISLEY AND OTHERS, Plaintiffs in Error.

23  185
41a 254
23   185
L92a ⁶196

1. Where promissory notes, purporting to have been executed by an agent, become the subject of a suit, the ordinary denial of their execution, without the verification by affidavit, required by section 23 of article 4 of the practice act of 1845, (R. C. 1845, p. 819,) will be sufficient to put the plaintiffs to the proof of their execution.

2. An admission made by a member of a partnership, after the retiring from the firm of a former member, can not be used as evidence against such retired partner.

3. A partner *retiring from a firm will still be liable for debts contracted by it* in favor of persons, who had previously dealt with the firm, and have had no notice of his retirement.

4. This notice must be actual, and be brought home to the parties ; or at least credit must have been given under circumstances from which actual notice may have been inferred. Notice in a newspaper, though published in the usual manner, will not, of itself, be sufficient as to those having former dealings with the company.

5. Where promissory notes, purporting to have been executed by an agent, it must appear that the agent had authority, express or implied, to sign the same.

6. The statute of limitations may be relied on as a bar by one of several defendants.

*Error to St. Louis Court of Common Pleas.*

This was a writ upon certain promissory notes, purporting to have been executed "for the St. Croix Lumber Company," an association and copartnership of which defendants were alleged to be members. The notes were signed thus : "for the St. Croix Lumber Company. H. S. Wells, sec'y." It is unnecessary to set forth the evidence introduced on the trial, as the points decided can be readily understood from the opinion of the court.

*Biddlecome* and *A. S. Jones*, for plaintiffs in error, cited 20 Mo. 530 ; 4 T. R. 516 ; 1 Denio, 445.

*Krum & Harding*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

There is nothing in the evidence preserved in the bill of exceptions which shows that there was any express authority in the agent of the St. Croix Lumber Company to sign promissory notes in its name ; nor is there any thing showing that the agent was entrusted with the management of any such business as would incidentally confer an authority to execute notes in the name of his constituents ; neither was it maintained that, as a matter of law, a mere clerk or secretary had authority to bind his employer by signing notes in his name. Under these circumstances, the plaintiffs relied for proof of authority on the usual course of business of the company and its recognition of the acts of agent in signing notes in its name, in accordance with the rule that, where a clerk is usually entrusted to sign notes, or usually does sign for his master, which are afterwards paid or recognized to be valid, he is presumed to possess a rightful authority to do so in other instances, within the scope of the same business. (Story on Agency, § 55.)

1. The 23d section of art. 4 of the practice act of 1845 is not applicable to notes executed by an agent. The case of Wahrendorff v. Whittaker, (1 Mo. 205,) shows that, under the plea of non-assumpsit in an action on a note executed by an agent, the agency must be proved before the note can be read in evidence, although the truth of the plea is not supported by an affidavit. The notes, therefore, the subject of this suit, purporting to be executed by an agent, the ordinary denial, such as is required by the present practice act, would seem to be sufficient to put the plaintiffs to the proof of their execution.

2. The admissions of one member of a firm during its continuance, in relation to its concerns, is binding on the company. After a dissolution, an admission by a partner has no

force as evidence against the former member. (Story on Part. § 107, 323.)

3. Where an ostensible or known partner retires from a firm, he will still be liable for its debts and contracts as to all persons who have previously dealt with the firm and have no notice of his retirement. (Story on Part. § 160.) If the plaintiffs had dealt with the company before the retirement, of any of its members, in order to have relieved them from future liability, it was necessary that notice should have been given to the plaintiffs of their retirement and this notice should have been actual and brought home to them, or, at least, the credit must have been given under circumstances from which actual notice may have been inferred. Notice in a newspaper, though published in a fair and usual way, will not of itself be sufficient as to those having former dealings with the company. (Story on Part. § 161.)

4. The three instructions given by the court, at the instance of the plaintiffs, can not be sustained. They omit to charge the jury that there must have been authority, either express or implied, in the agent for signing the notes, or that the agent was usually trusted to sign notes, or usually did sign notes for the company, which were afterwards paid or recognized to be valid, and that the notes sued on were in the same scope of business in which the recognized notes were. That the notes were executed "on behalf" of the defendants, did not show that they were executed with their consent and approbation. The agent may well have signed the notes on behalf of the company, and yet have had no authority to do so. The witness who goes farthest in this proof says that the St. Croix Lumber Company gave orders and due bills by H. S. Wells, sec'y; that he had them frequently. There is nothing said showing a recognition of these acts by the company. The word "due bills" is subject to criticism, and might have been explained. In the testimony, there may be found facts and admissions which bind particular members of the firm; but, according to

the rule stated above, the admissions of a member are no evidence against a retired partner.

5. There is nothing in the point in relation to the statute of limitations; the case of Keeton's heirs v. Keeton's adm'r (20 Mo. 530,) is not applicable. That was a proceeding commenced under the old practice. What was said in that case relates to joint plaintiffs. Nothing is clearer than that the statute may be a bar as to one defendant and not as to another.

The judgment is reversed, and the cause remanded; the other judges concurring.