————o————

STATE OF MISSOURI, to the use of JAMES G. EARLY, Respondent, vs. THOMAS D. CHAMBERLIN, et al., Appellants.

1. *Attachment bond—Suit on—Seal.*—A seal or a scrawl by way of seal, is an essential requisite to an attachment bond filed in the Circuit Court.

2. *Practice, civil—Trials—Evidence—Bonds—Lack of seal, how objected to—Pleadings.*—When suit is brought on a bond executed by the defendant, the objection to its introduction in evidence, on the ground that there is no seal to it, will not be considered, unless its execution was denied in the answer under oath. (Wagn. Stat., 1046, § 45.)

*Appeal from St. Charles Circuit Court.*

*L. J. Dryden & E. A. Lewis,* for Appellants.

I. The instrument sued on as a bond was not admissible in evidence. It was not a bond, having neither a seal nor a scrawl. (1 Bouv. Law Dic., 200; Drake Attach., § 125; Moreau vs. Detchemendy, 18 Mo., 522; State vs. Thompson, 49 Mo. 188; Grimsley vs. Riley's Admr., 5 Mo., 280.)

*Frank T. Williams,* for Respondent.

I. The only form prescribed by statute for attachment bonds does not require a seal nor scrawl thereon. (Wagn. Stat., 194, § 68.) This form is prescribed for actions before justices of the peace, but the principles and formula in attachments there are the same as in other courts.

II. The principal cannot take advantage of the omission, nor of any other defect in the bond, after having had the advantage of it. (Drake Attach., § 124.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on an attachment bond, which had been executed by the defendants in an attachment suit in the Circuit Court against the plaintiff.

The only question discussed here is, whether the attachment bond was not a nullity, because it was not sealed, either by affixing the common law seal by a tenacious substance, or by a scrawl by way of seal as allowed by our statute.

In State *ex rel.* West vs. Thompson, 49 Mo., 188, this court held an attachment bond, given under the landlord and tenant act, void for want of a seal.

In ordinary attachment suits before a justice of the peace the seal is omitted in the form prescribed by the statute.

This attachment, however, was commenced in the Circuit Court, and it may be conceded that, under the ruling laid down in the case referred to, a seal was necessary to make this a good bond. If that be so, the seal, or a scrawl by way of seal, was an essential requisite to its proper execution. But this point is not presented by the record. The answer of the

defendants did not deny the execution of the bond under oath. Where an action is founded on an instrument of writing, charged to have been executed by the defendant, and not alleged to be lost or destroyed, its execution must be taken as confessed under our code of practice, unless he deny the execution by answer verified by affidavit. The language of the statute is: "When any petition or other pleading shall be. founded upon any instrument of writing, charged to have been executed by the other party, and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party, charged to have executed the same, deny the execution thereof by answer or replication, verified by affidavit." (2 Wagn. Stat., 1046, § 45.)

As the defendants' answer was not verified by affidavit, it amounted to a confession, that the attachment bond was duly executed, that is, that it was properly sealed and delivered. Under the pleadings it was not necessary to produce the bond in evidence at all, and therefore it is not properly before this court for any purpose.

Let the judgment be affirmed. The other judges concur.