GEORGE T. SMITH MIDDLINGS PURIFIER COMPANY, Respondent, v. B. S. REMBAUGH, Appellant.

Kansas City Court of Appeals, April 5, 1886.

1. PLEADING—ANSWER NOT VERIFIED—EFFECT OF AS TO EXECUTION OF NOTE.—Prior to 1868, the only effect of want of affidavit to an answer, denying the execution of a note, was to admit in evidence the note without any proof on the part of the plaintiff of its execution; but under the general denial the note was open to all other defences, such as, for example, that his signature was procured thereto through fraud or duress; or that he was *non compos mentis*, and the like. In 1868 "the execution * * * shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof by answer or replication, verified by affidavit." Laws 1868, p. 86. The section thus amended, was carried forward into the revision of 1879. Sect. 3653, Rev. Stat.

2. —— —— ANSWER OF GENERAL DENIAL—EFFECT OF—SPECIAL DEFENCES.—Under the answer of a general denial, the defendant was precluded, in this case, from introducing any proof, the tendency of which would be to call in question the execution of the note, for it stood confessed. In order to prove payment, or failure of consideration, or any other fact supervening since the making of the note, he must have pleaded them specially, for these would be new matters.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

The case is stated in the opinion.

WILKERSON & MONTGOMERY, for the appellant.

I. In a suit on a note the only effect of the want of an *affidavit* to the answer, denying all the allegations of the petition, is that plaintiff may read the note in evidence without proof of its execution. Sect. 3653, Rev. Stat. But under such answer all other defences are open to defendant, as before the statute requiring the

*affidavit* in order to put plaintiff to the necessity of proving execution of note. *Klein v. Keys*, 17 Mo. 326; *Bates v. Hinton*, 4 Mo. 78; *Carpenter v. Inhabitants Lathrop*, 51 Mo. 498.

II. Under such answer defendant may prove that his signature was obtained by fraud, or that the note was void *ab initio*. *Corby's Exec'r v. Weddle*, 57 Mo. 458; *Cavender v. Waddingham*, 2 Mo. App. 555.

SAMPSON & SMITH, for the respondent.

I. None of the cases cited by defendant are in point, because they were all (except the one in 57 Missouri), rendered under the statute before the amendment in 1868, and as to the one in 57 Missouri, the answer was verified. Under the old statute it was simply provided that if the plea of *non est factum* was not sworn to, the instrument should be "received in evidence." Gen. Stat. 1835, p. 463, sect. 18; Gen. Stat. 1845, p. 819, sect. 23; Gen. Stat. 1855, p. 1267, sect. 45; Gen. Stat. 1865, p. 676, sect. 45. By the amendment of 1868, continued ever since, the execution is "adjudged confessed" unless denied by answer or replication verified by affidavit. Acts 1868, p. 86.

II. In this case the question is one of pleading, and the answer confesses the execution of the instrument; or that it is his contract; so there is no issue of fact to try. In this case the answer was a confession and no avoidance; hence there was no defence, and judgment was properly rendered on the pleadings. The holding of the circuit courts has been heretofore, as in this case.

III. The courts will construe an amendatory statute so as to accomplish the object aimed at by the amendment. In this there could be but one object—that *to be* such a plea it must be *verified*.

PHILIPS, P. J.—This is an action founded on a promissory note for the payment of money, alleged in the petition to have been executed by defendant to plaintiff

—a corporation. The answer was simply a · general denial, not verified by affidavit. Plaintiff moved the court for judgment, notwithstanding the answer, as it tendered no matter of defence, not being sworn to. The court sustained the motion, and rendered judgment accordingly. Defendant prosecutes this appeal from said judgment.

Appellant insists that the only effect of want ·of affidavit to the answer was to admit in evidence the note, without any proof on the part of plaintiff of its execution ; but that under the general denial the note was open to all other defences ; such as, for example, that his signature was procured thereto through fraud, or duress, or that he was *non compos mentis*, and the like.

This unquestionably was the rule of practice in this state prior to 1868. *Klein v. Keys*, 17 Mo. 326 ; *Carpenter v. Inhabitants of Lathrop*, 51 Mo. 498. In *Corby's Exec'r v. Weddle* (57 Mo. 458), the court say : "The general rule is, that when a deed is void *ab initio*, and not merely voidable, the plea of *non est factum* is proper ; other facts showing the instrument to be void may be given in evidence to sustain such plea."

Prior to 1868 the statute pertaining to this matter read as follows : " When any petition or other pleading shall be founded upon any instrument of writing, charged to have been executed by the other party, and not alleged therein to be lost or destroyed, such instrument shall be received in evidence, unless the party charged to have executed the same deny the execution thereof by answer or replication, verified by affidavit." Sect. 45, Gen. Stat. 1865, p. 676.

In 1868 (Laws Mo. 1868, p. 86) this provision was changed by inserting after the word "destroyed" the following : "The execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof by answer or replication, verified by affidavit." The section thus

amended was carried forward into the revision of 1879, section 3653.

It will be observed that, under the section as it stood prior to enactment of 1868, the only effect of the absence of the verification was to admit the instrument in evidence. But when admitted it was subject to those matters of defence available under the general issue, which tended to show that the note or contract was void *ab initio*, such as fraud, duress, general incapacity to contract, or give consent, and the like. All of which went to the question of the making—the execution—of the instrument. But under the present statute, if the party charged to have executed the instrument of writing fail to deny the fact, verified by affidavit, " the execution of the instrument shall be adjudged confessed."

Clearly, therefore, under the answer interposed by defendant he was precluded from introducing any proof, the tendency of which would be to call in question the execution of the note, for it stood confessed. What other possible defence, then, was open to him under the general denial? He could not prove payment, nor failure of consideration, nor other fact supervening since the making of the note, for these would be new matters to be specially pleaded. *Greenway v. James*, 34 Mo. 328; *Northrup v. Ins. Co.*, 47 Mo. 443-4; *Williams v. Miller*, 56 Mo. 263.

The case of *Corby v. Weddle, supra*, is inapplicable because the answer was sworn to. *Cavender v. Waddingham* (2 Mo. App. 555), was not founded on any written instrument, and, therefore, the statute in question had no application to the pleadings.

If, as contended for by appellant's counsel, the same defence may be interposed under the general issue now as before the act of 1868, it is difficult to perceive what office the marked change in language was designed to perform. It might be sufficient to say, as of all similar affirmative, explicit legislative enactments, that the statute must stand for a reason; yet it occurs to me that

the amendment was probably designed to cut off, as far as possible, frivolous and insincere defences to suits founded on instruments of writing, by compelling the party, who comes in with a concealed hand under the general denial, to purge himself by affidavit before he can secure the delay and produce the annoyance too often incident to such pleas.

It follows, the other judges concurring, that the judgment of the circuit court is affirmed.