Bates v. Scheik.

SAMUEL A. BATES *et al.*, Respondents, v. JOHN SCHEIK *et al.*, Appellants.

St. Louis Court of Appeals, February 2, 1892.

1. **Parties:** TRUSTEES OF AN EXPRESS TRUST. When an agreement for the leasing of a storeroom is made with trustees of a society as lessors, such trustees may sue thereon in their own names as trustees of an express trust.

2. **Pleading:** CONTRACT. A petition alleged that the defendants were partners ; that they executed the contract sued upon ; and that this contract was delivered to the plaintiffs. *Held,* that it was not necessary to also aver a delivery of the contract to the defendants, in order to hold them for a breach thereof.

3. ——— : ———: FAILURE TO PROPERLY DENY EXECUTION. A defendant to such action failed to verify his answer, alleging that one of his copartners had, in signing the contract, acted outside of the scope of the partnership, and that he was, therefore, not bound. *Held,* that, owing to the absence of verification, the execution of the contract on the part of the defendant making this contract was confessed.

4. **Practice, Trial:** OBJECTION TO DOCUMENTARY EVIDENCE. An objection to documentary evidence must point out the particular defect complained of, or it will be disregarded. *Held,* under this rule, that a general objection to a lease as incompetent did not properly present the claim, that the defendant was not bound by the lease, because his copartner, by whom it had been signed in the name of the partnership, had acted outside of the scope of the partnership and without authority.

5. **Practice, Appellate:** AMENDMENT OF JUDGMENT. If the judgment appealed from is against an administrator individually, instead of being rendered against him in his representative capacity, the error is susceptible of amendment on appeal.

*Appeal from the Iron Circuit Court.*—HON. J. F. GREEN, Judge.

REVERSED AND REMANDED (*with directions*).

*Charles D. Yancey*, for appellants.

No brief filed for respondents.

BIGGS, J.—On the trial of this case the following facts were conceded: That, on the second day of August, 1887, the defendants, John Scheik and Leopold Schmalz and Gottleib Eyermann, Sr., now deceased, were engaged in the mercantile and commission business in the town of Piedmont, under the firm-name of John Scheik & Co.; that Schmalz and Eyermann lived in the city of St. Louis, and that Scheik, who lived in Piedmont, had the active management of the business; that by the articles of agreement the copartnership, unless sooner dissolved by consent or by operation of law, would expire by limitation on the twenty-seventh day of January, 1889; that prior to the institution of this suit Scheik had withdrawn from the firm and Eyermann had died.

The present action is for money, and the alleged cause of action grew out of the refusal of the defendant to pay rent for a storeroom, situated in the said town of Piedmont. The right of recovery is based on the following written contract, which, it was admitted, was executed by the plaintiffs on the one side, and John Scheik, professing to act for the firm, on the other. The contract reads:

" Know all men by these presents, this indenture, made this August 2, A. D. 1887, by and between S. A. Bates and James M. Wilson, trustees of Friendship Lodge number 98, K. of P., parties of the first part, and John Scheik & Co., parties of the second part. This agreement is such, that the parties of the first part

agree and bind themselves that they will build a store-house on lot number 6, in block number 11, in the city of Peidmont, Missouri, and the parties of the second part agree to rent said store for the term of one year for the sum of $300 per year, payable monthly at $25 per month. Said store to be ready for use by the twentieth day of November, 1887, and said rent to run to the twentieth day of November, 1888 ; said store to be twenty-five feet wide and eighty feet in length, on the south side of the building known as the Knights of Pythias Building.

"Signed and sealed this second day of August, 1887.

"Trustees of Friendship Lodge, number 98.

     "S. A. BATES,  ( Seal.)
     "JAMES M. WILSON, ( Seal.)
     "JOHN SCHEIK & CO.,
     "By JOHN SCHEIK, ( Seal.)"

It was also admitted that the plaintiffs tendered the key to the storeroom to the defendants at the beginning of the term, and that they declined to accept it or to occupy the building. The answer of Schmalz and the administrator was to the effect that the act of Scheik, in attempting to bind his copartners in the contract of renting, was outside of the scope of the partnership business, and that, as the contract was entered into without the knowledge or authority of the other members of the firm, they were in no way bound by it. It was also averred that the plaintiffs could not maintain the action, because they were not the real parties in interest. The cause was submitted to the court without a jury, and, at the close of the evidence, the defendants, Schmalz and Eyermann, asked the court to instruct that under the law and evidence the plaintiffs were not entitled to a judgment. This instruction the court refused. No other declarations of law were asked or given. Judgment was entered for the plaintiffs, and Schmalz and Eyermann have appealed.

Bates v. Scheik.

The matters of complaint in this court are that the court committed error in refusing the instruction asked, and that the petition failed to state facts sufficient to constitute a cause of action, and that upon the record the judgment is erroneous.

I.   Concerning the claim, that the plaintiffs can-not maintain the action for the reason that they are not the real parties in interest, it is sufficient to say that they are trustees of an express trust, and under the statute and numerous decisions they can maintain the action.   R. S. 1889, sec. 1991.   This section expressly enacts that "a trustee of an express trust within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

II.   The objection made to the petition is without merit.   It is averred in the petition that Scheik, Schmalz and Gottleib Eyermann, deceased, were partners ; that they executed the contract under the firm-name ; and that the agreement was delivered by them to the plain-tiffs.   These averments, if true, made the defendants liable for a breach of the contract.   It was not necessary, in order to charge the defendants, to aver a delivery of the contract to them.

III.   It is insisted that the liability of Schmalz and Eyermann was not established by competent evidence. The lease itself was read in evidence, and the only objections urged against it were that there was a variance in the names of the lessors as stated in the petition and lease, and that the lease was incompetent evidence.   The lease itself disproves the first objection, and it is only necessary to discuss the last.   The petition averred that the contract was signed by all the partners.   The law in force when the suit was tried provided :   " When any petition * * * shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged

confessed, unless the party charged to have executed the same deny the execution thereof by answer verified by affidavit." R. S. 1879, sec. 3653. The succeeding section (3654) contains a saving clause in favor of executors, administrators and other representatives who may be sued. The separate answers of Schmalz and Eyermann were not verified. Hence the execution of the instrument by Schmalz was confessed, and it was not necessary to prove it against him. There was no dispute concerning the amount of rent which was due under the contract at the date of the suit, and, as it was also admitted by the defendants that no part had been paid, the plaintiffs were entitled to an instruction for judgment against Schmalz. Was the objection to the introduction of the lease in evidence sufficient to authorize its exclusion as to Eyermann? The objection was that it was incompetent. No objection was made that the lease was a sealed instrument, and that no authority had been shown in Scheik to bind his partners in such a contract, nor that the contract was one which was not within the implied authority of a partner. The practice in this state is uniform that, where an objection is made to documentary evidence, it must distinctly point out the particular defect complained of, or it will be disregarded. *Adler v. Lange*, 21 Mo. App. 519. Therefore, the failure to make specific objections to the lease concludes the administrator, so far as its execution is concerned. As it was admitted that the deceased was a member of the firm of John Scheik & Co. at the date of the execution of the lease, we must conclude that the judgment of the circuit court in respect of the liability of both Schmalz and Eyermann was well sustained by the proof.

The entry of the judgment in this case was against Gottlieb Eyermann, Jr., as an individual. This was error. It should have been against him in his official character. This, however, is a mere clerical error, and is susceptible of correction either in this court or in the circuit court

under directions from this court. *Ranney v. Thomas*, 45 Mo. 111. In such cases we have adopted the practice of reversing the judgment and remanding the cause with instructions to the circuit court to enter the proper judgment. Therefore, it is ordered that the judgment of the circuit court in this case be reversed, and the cause remanded with instructions to enter a judgment against the defendants in accordance with this opinion. All the judges concur.