TABITHA E. THOMAS, Respondent, v. THE GUARANTY FUND LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, January 24, 1898.

1. **Benefit Societies**: ACTION ON CERTIFICATE: EVIDENCE: APPLICATION. In an action on a certificate in a benefit society the execution of such certificate must be held confessed unless denied by answer verified by affidavit; and the plaintiff is not required to offer such certificate in evidence, much less the application therefor, even though made a part of the contract.

2. ————: PROOF OF LOSS: UNREASONABLE RETENTION: PREMATURE ACTION. A certificate in a benefit society stipulated that no suit should. be brought within ninety days after proofs of loss. These proofs were furnished and held for more than three months when some additional data were requested. *Held*, a suit instituted more than ninety days from the first receipt of the proofs was not premature.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*W. D. Summers* and *Cook & Gossett* for appellant.

(1) All writings referred to and embodied in the contract of membership by its terms become a part of the contract, and the whole constitute one contract. *Lancaster v. Elliott*, 42 Mo. App. 503; *Jennings v. Todd*, 118 Mo. 296; Bacon on Ben. Soc. [1 Ed.], secs. 181, 182, and cases cited; 1 May on Ins. [3 Ed.], secs. 158, 159; 2 May on Ins. [3 Ed.], sec. 579a, p. 1328; sec. 589, p. 1333, and note 4; Bliss on Ins., sec. 58, p. 85; sec. 59, pp. 86, 87; *Bobbett v. Liverpool*, 66 N. C. 70; *Mutual Benefit Co. v. Miller*, 39 Ind. 475. (2) The entire contract, including the application, should have been introduced. Defendant had the right to demand

that the whole contract be read. Bacon on Benefit Societies, sec. 463; 2 May on Ins. [3 Ed.], sec. 589, p. 1333, note 4; Biddle on Ins., sec. 1232; *Ins. Co. v. Corley*, 2 Pennypacker (Pa.), 398–403; *Bidwell v. Conn. Mutual Co.*, 3 Sawyer, 261; Bliss on Ins., sec. 61, p. 91; sec. 380, p. 647; *Ins. Co. v. Sailer*, 67 Pa. St. 108. (3) The contract constituted by the application and policy can not be varied by parol. *Lohner v. Ins. Co.*, 17 Mo. 247. (4) The suit was prematurely brought. At the time the first proof was sent in, the appellant notified the appellee that if any further proof was desired she would be notified later; as the evidence shows, they notified her and she sent in additional proof. By notifying the appellee that further proof was desired, the appellant extended the time within which the proof might be furnished and within which the suit might be brought. Bacon on Benefit Societies, sec. 445; Niblock on Accident Ins. and Ben. Soc., sec. 618; *Killip v. Ins. Co.*, 28 Wis. 472. The suit was brought within the period in which the contract provided that no suit should be brought for this reason.

*William L. Jarrott* for respondent.

(1) Defendant can not possibly urge the points 1, 2 and 3 in this court for the reason that before the case was submitted to the jury these defenses were expressly withdrawn on motion of defendant. Even if these defenses had not been withdrawn, there is no rule of evidence that requires the plaintiff to offer the application for insurance with the policy. This point was expressly decided in the case of *Neudeck v. A. O. U. W.*, 61 Mo. App. 97; *Malroy v. Knights*, 26 Mo. App. 463, 464, 467; *Forse v. Lodge*, 41 Mo. App. 106. (2) The first two authorities cited under this point have no application to the case at bar for the reason that complete and final

proofs of death were received by the defendant February 3, A. D. 1896, and the defendant did not and could not extend the time for making proof of death. The learned counsel for appellant cites the court to the case of *Killip v. Ins. Co.*, 26 Wis. 472, which is an excellent opinion and directly sustains the ruling of the trial court in the case at bar. It holds that if the proof of loss was not sufficient or satisfactory, it was the duty of the company to notify claimant within a reasonable time, and further holds that two months was not a reasonable time.

ELLISON, J.—This action is based on a certificate of insurance issued by defendant to Aaron Thomas for the benefit of his wife, the plaintiff, who STATEMENT. is now his widow. The answer, after the withdrawal of portions of it as written, was a general denial and a plea that the suit was prematurely brought. The withdrawal of portions of the answer eliminates some of the matters discussed by counsel and we need only address ourselves to what remained in the case after the withdrawal.

Defendant insists that the certificate should not have been allowed in evidence since, as is asserted, it was not the whole of the written contract between it and the deceased as shown by the certificate itself. The certificate is as follows:

"In consideration of the representations and agreements contained in the application of Mr. Aaron Thomas, of Archie, Missouri, by occupation a farmer, the said Aaron Thomas is hereby admitted to membership in this association, and in the event of his death during such membership the beneficiaries or personal representative will be entitled to receive the sum of one thousand dollars out of the mortuary fund of the association, such fund to be created under

the articles of incorporation by assessment and mortuary premiums collected from the members, the interest on the guaranty fund and any surplus of the expense fund, such payment to be made to Tabitha E. Thomas, wife. In case of her death to his children within ninety days after satisfactory proof of the death of the insured shall have been received at the office of the association in Council Bluffs, Iowa.

"This contract is subject to the conditions indorsed hereon, including those contained in the application of the insured, also indorsed hereon each of which conditions is a material part thereof."

"In witness, etc."

The indorsements referred to do not appear in the record, but defendant contends the application should have been introduced as a part of plaintiff's case, so as to show the whole contract.

In our opinion the point is not well made. Plaintiff's petition is based on a contract of insurance charged to have been executed by the defendant. Defendant, while filing a general denial, does not make oath to such denial. We must, therefore, apply section 2186, Revised Statutes 1889, wherein it is provided that if the action is founded on an instrument in writing charged to have been executed by the opposite party and not alleged to be lost or destroyed, the execution of the instrument declared on will be deemed to be confessed unless it be denied by answer or replication verified by affidavit. It was therefore unnecessary for plaintiff to have read the policy in evidence. It stood confessed as a valid contract and any defense which defendant has sought to urge in the case would be such as should have been affirmatively set up in the answer. *Smith Co. v. Rombaugh*, 21 Mo. App. 390.

BENEFIT societies: action on certificate: evidence: application.

2.   In our opinion the suit was not prematurely brought.   The policy provides that the sum named in the policy shall not be due until ninety —: proof of loss: days after the proofs of loss shall have unreasonable re- tention: prema- been received by defendant at its office in ture action. Council Bluffs, Iowa.   Proofs of death were made out and were received by defendant February 3.   Defendant acknowledged receipt of same and made no objection thereto.   They retained such proofs without criticism or objection for more than three months.   On the contrary, in the correspondence which followed, it must be inferred that defendant intended to pay as soon as it could reach the claim. After the expiration of more than three months defendant sent for some additional data.

Retaining proofs of loss without objection is, under some circumstances, merely evidence of waiver of any defect in the proofs.   In other circumstances the retention of proofs would be declared a waiver by the court, as a matter of law.   In this case, while it was not expressly so declared, yet the effect of the trial court's ruling was that the retention of the proofs of loss by defendant was a waiver of defects, or an acceptance of the papers sent as proper proofs.   There was no dispute as to the facts and nothing to submit in the form of a hypothesis and the court properly held that proofs had been made on February 3.   That being more than ninety days prior to the institution of the suit it results, as before stated, that the suit was not brought too early.

The record, in our opinion, shows no error justifying an interference with the judgment, and it is accordingly affirmed.   All concur.