R. A. LOVE, Respondent, v. CENTRAL LIFE INSUR
ANCE COMPANY, Appellant.

### Kansas City Court of Appeals, February 10, 1902.

1. **Evidence: PLEADING: NON EST FACTUM: STATUTE.** Where
the petition is founded upon an instrument of writing charged to
be executed by the other party, the execution thereof will be ad-
judged confessed unless met by a plea of *non est factum;* and such
instrument need not be introduced in evidence but may be read to
the jury if plaintiff so elect without proof of its execution. Cases
examined and distinguished.

2. **Appellate Practice: INSTRUCTIONS: WEIGHING EVIDENCE.**
The instructions being within the pleadings and the evidence conflict-
ing, the appellate court is bound by the finding of the jury and will
not weigh the evidence.

3. ———: CONSTITUTIONAL QUESTION: WHERE RAISED.
Where a constitutional question is first raised in the motion for a
new trial, and at the hearing no evidence of facts on which such
question is based is presented, the question is not sufficiently raised
to call for a ruling of the trial court and the appellate court will not
entertain the question.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,*
Judge.

AFFIRMED.

*Botsford, Detherage & Young* and *C. E. Peers* for ap-
pellant.

(1) The court erred in admitting in evidence the mem-
orandum receipt dated September 29, 1897, signed by Wurde-
man, vice-president. Hyde v. Larkin, 35 Mo. App. 365; Bar-
kus v. Plank Road Company, 26 Mo. 102; Hill v. Mining Com-

pany, 119 Mo. 9; State ex rel. v. Lockett, 54 Mo. App. 202.
(2) The giving by the court of plaintiff's first and only in-
struction was erroneous. (3) The court erred in refusing to
give defendant's first instruction directing a verdict for defend-
ant. (4) The court erred in refusing defendant's third in-
struction. (5) The court erred in instructing the jury that a
less number than the whole twelve men composing the jury
could render a verdict. The verdict is certainly not supported
by the evidence and ought not to be permitted to stand in an
appellate court. (6) The constitutional objection to said
amendment, authorizing less than twelve of a jury to make a
verdict, which is contained in defendant's motion for a new
trial, should be sustained.

*Scarritt, Griffith & Jones* for respondent.

(1) The court did not err in permitting plaintiff to read
in evidence the written instrument or contract attached to and
filed with the petition, and on which the petition was founded.
R. S. 1899, sec. 643; R. S. 1899, sec. 746; Hart v. Wire Co.,
91 Mo. 414; Haysler v. Dawson, 28 Mo. App. 531; Beck &
P. L. Co. v. Obert, 54 Mo. App. 240; R, S. 1889, sec. 2186.
(2) There is no constitutional question in this record. Kirk-
wood v. Meramec H. Co., 160 Mo. 111; Live Stock Com. Co.
v. Railroad, 157 Mo. 518; Town of Kirkwood v. Johnson, 148
Mo. 632; State ex rel. Davis v. Schmitz, 36 Mo. App. 550;
Hulett v. Railroad, 145 Mo. 35.

SMITH, P. J.—This is an action to recover the value of
a promissory note alleged to have been loaned by the plaintiff
to the defendant, an incorporated life insurance company, and
wrongfully converted by the latter to its own use.

The petition alleged that the defendant *executed* and de-
livered to plaintiff a certain agreement in writing whereby it

promised and agreed with plaintiff, etc., a true copy of which said agreement duly verified was thereto attached filed and made a part thereof.

The answer contained a general denial and then alleged that the said note was assigned to and deposited with defendant as collateral security to be by it held for the payment of a certain number of shares of its stock which had been issued to plaintiff; that said stock had not been paid for by plaintiff nor any one for him; that said note was held by it for the payment of the purchase price of said stock, which said note it was ready and willing and offered to surrender on payment of the purchase price of the stock to it, etc.

During the progress of the trial, which was to a jury, the plaintiff offered to read in evidence the written agreement pleaded in his petition and alleged to have been executed by the defendant, to the reading of which the defendant objected, (1) because "it showed on its face not to have been the act of the defendant but that of an individual" and (2) because there was nothing to show that it grew out of any act of Wurdeman "as an officer of the defendant." It is perhaps proper to state in this connection that the said written agreement concluded in this wise, to-wit: "In witness whereof said company is hereby bound by these presents. (Signed) Central Life Insurance Company. By G. A. Wurdeman, 2d Vice-President." The court overruled the defendant's objections and permitted the said agreement to be read in evidence. And the paramount question raised by the defendant's appeal, and that most discussed in the briefs of counsel is, whether or not the action of the trial court in permitting the plaintiff to read in evidence said written agreement without any proof of its execution by defendant, or without proof of authority in its second vice-president to execute the same for it.

The Revised Statutes of 1845 and 1855, and the General Statutes of 1865, provided that "whenever any pleading shall be founded upon any instrument of writing charged to have

been executed by the other party, not alleged therein to be lost or destroyed, such instrument should be *received in evidence* unless the party charged to have executed the same deny the execution thereof by answer or replication verified by affidavit." R. S. 1845, pp. 819, 820, sec. 24; R. S. 1855, p. 1267, sec. 46; G. S. 1865, p. 676, sec. 48. But in 1868, Session Acts 1868, page 86, the Legislature amended the above-quoted section so as to make it read: "When any petition or other pleading shall be founded upon any instrument of writing, charged to have been executed by the other party, and not alleged therein to be lost or destroyed, the *execution of such instrument shall be adjudged confessed*, unless the party charged to have executed the same deny the execution thereof by answer or replication, verified by affidavit." And this amendment has been incorporated into the last three revisions of the statute. R. S. 1879, sec. 3653; R. S. 1889, sec. 2186; R. S. 1899, sec. 746.

As was said by Judge HALL in McGill v. Wallace, 21 Mo. App. 675, the "present statute is materially different from the former." Under the former the only effect of not pleading *non est factum* under oath was that the plaintiff could read the instrument in evidence without proof of execution. Klein v. Keyes (1852), 17 Mo. 326; Carpenter v. Lathrop, 51 Mo. 483; McGill v. Wallace, 22 Mo. App. 675; Smith v. Rembaugh, 21 Mo. App. 390. But under the latter if the party charged to have executed the instrument of writing fail in his pleading to deny the execution of such instrument under oath, then the execution thereof shall be adjudged confessed as a binding contract. Smith v. Rembaugh, ante; Thomas v. Life Ass'n, 73 Mo. App. 371. The former of the last two cited cases was an action on a promissory note, where the answer was a general denial unverified. A motion for judgment was therein sustained notwithstanding the answer. This ruling of the trial court was approved. And the latter was an action on a certificate of life insurance where the answer was a general denial

unverified.    It was insisted in that case that the certificate
should not have been allowed in evidence as it was not the
whole of the written contract as shown by the certificate itself,
but notwithstanding the objection, it was allowed to be read in
evidence.    When the case came before us for review touch-
ing that objection it was in effect said that the certificate as
pleaded stood confessed as a valid contract and therefore it
was unnecessary to read it in evidence.

It is thus seen that the contract in the present case stood
confessed and it was wholly unnecessary for the plaintiff to
have read it in evidence.    And to the same effect as the two
last-cited cases are Bates v. Scheik, 47 Mo. App. 642; Saville
v. Huffstetter, 63 Mo. App. 273; Zervis v. Unnerstall, 29 Mo.
App. 474; Greene Co. v. Wilhite, 29 Mo. App. 459; State v.
Chamberlin, 54 Mo. 338.

If the written agreement pleaded stood confessed by the
answer as that of defendant, and if it was not required of the
plaintiff that he introduce it in evidence, it must inevitably fol-
low that the defendant's objections to the reading of it in evi-
dence were not well taken.    Its execution as a valid obligation
then stood confessed before the jury and that was enough, but
if the plaintiff chose to read it to the jury in connection with
his offerings of evidence, he had a right to do so.    It is certain
the defendant was not in anyway thereby prejudiced.

But it is suggested, as the written agreement pleaded
showed on its face that it was executed for the defendant by
one of its officers, that the authority of such officer was re-
quired to be proved before the instrument could be read in evi-
dence, notwithstanding its execution stood confessed by the de-
fendant.    There are cases cited by defendant which it is con-
tended by him support this view.    Swearingen v. Knox, 10
Mo. 31; Pope v. Risley, 23 Mo. 185.    These cases were de-
cided prior to the adoption of the amendment of 1868 already
cited, and are, in our opinion, inapplicable to cases arising
under the present statute.

Parsons v. Levee Company, 73 Mo. App. 458, was where the levee company, a corporation created by an act of the Legislature (Session Acts 1855, p. 73) was authorized to construct and maintain a levee. The chairman of the board of director's of the corporation executed and delivered to one Parsons an order on the treasurer of such corporation for $216 which was signed, "R. E. Hill, Chairman, James A. Jenkins, Secretary." The action was on this instrument and the answer was a general denial unverified. At the trial the plaintiff was permitted to read the instrument in evidence without proof of its execution. The St. Louis Court of Appeals in the course of its opinion disposing of the defendant's appeal after quoting sections 746, 747, Revised Statutes, remarked that "by no sort of construction can this section (747) be made to apply to a suit against a business corporation," and in that conclusion we concur. The statute has said that a general denial by an unverified answer of the execution of the instrument sued on shall amount to a confession of the execution thereof by the defendant; and whether the defendant executing the instrument be a natural or artificial person can, we think, make no difference. The obligations of all business corporations are executed by some officer or agent thereof and can be executed no other way. And to give the statute the construction contended for would make it wholly inapplicable in any case where a business corporation was sued on a written obligation. It is unreasonable to suppose the Legislature intended that the statute should be construed as inapplicable to so large and important a class of litigants.

The statute itself has in express terms specified the several classes of obligations which are included in the exceptions which it provides, and as that in the present case is not one of these, we are authorized to consider it as excluded. "The expression of one thing is the exclusion of another." No fault can therefore be imputed to the trial court for its action in

permitting the reading in evidence of the written agreement pleaded.

We are unable to discover any fatal objection to the plaintiff's instruction. It substantially outlined the theory presented by his petition. It was within the limits of the issues made by the pleadings. The defendant, in view of the effect which we have given to the defendant's answer, was, we think, quite fortunate in securing from the court the instructions which it did. Certainly there is little or no room for complaint on that ground. The special defense pleaded by the answer was fully covered by the instructions given by the court on its own motion and at the instance of the defendant. While the evidence was glaringly conflicting in some material re· spects, yet it can not be said it was not sufficient to justify the submission of the case on the several theories outlined by the instructions. The credibility of the witnesses and the weight to be given to evidence was for the determination of the jury, and under the well-recognized rule of appellate practice in this State that determination is conclusive on us, and especially so in a case like this where there appears to be nothing to bring it within any possible exception to the rule.

The defendant in its motion for a new trial, as one of the grounds therefor, alleged that the amendment to the Constitution of this State authorizing a verdict by a jury in civil cases in the circuit court by a less number than the entire panel of twelve, had not been submitted to and passed upon by the voters of the State in the manner required for the submission of constitutional amendments by the Constitution of the State, and that, therefore, the said amendment was no part of the Constitution of this State. Even if the verdict of the jury was by a less number than twelve, as was the case as disclosed by the record, yet we can not discover that there is raised any fairly debatable constitutional question in the case, since the defendant adduced no evidence whatever to support the allegations of its motion. As it appears from the record that no

constitutional question was raised or passed upon in the trial court, it follows that none such can be for the first time raised or passed upon in this court. The judgment will accordingly be affirmed. All concur.