COUNTY OF JACKSON ex rel. ORBIE BRYSON, Respondent, v. M. M. ENRIGHT, WALTER GRAY and EMMA N. HEINS, Administratrix of the Estate of H. J. HEINS, Deceased, Appellants.

Kansas City Court of Appeals, February 18, 1918.

1. **DRAMSHOPS: Damages: Pleading: Sales of Liquor to Husband after Notice not to Do so by Wife.** In an action against a dramshop keeper and his bondsmen for damages for selling liquor to plaintiff's husband after she had notified the dramshop not to do so, where the petition alleges that the saloonkeeper had executed according to law the dramshop license bond and described a valid instrument and the defendants had failed to deny its execution under oath, the license bond stands confessed as described.

2. ———: **Pleading: Separate Sales of Liquor in One Count.** Where a petition alleges ten separate sales of liquor to plaintiff's husband, an habitual drunkard, in one count and a general recovery was had on four of such sales, the court having given the jury a form of verdict which permitted the jury to return a general verdict on the four sales, the defendants, having failed to attack the defect in the petition by motion or other pleading, are not in a position to raise such question after verdict.

3. **BONDS: Statutory: Construction.** In construing statutory bonds the general language of the bond must be interpreted in the light of the statute pertaining to the subject-matter of the bond, such statute being read into the bond and sureties are held to have contracted with a view to such statute.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

Affirmed.

*Sparrow & Page* and *James Pickett* for appellants.

*E. H. Hamilton* and *A. R. McClanahan* for respondents.

BLAND, C.—Relator, Orbie Bryson, as the wife of George W. Bryson, deceased, brought this action against defendant Enright as principal and defendants Heins and Gray as sureties on a statutory dramshop bond, alleging that on ten different occasions defendant Enright, the keeper of the saloon, sold intoxicating liquor to her said husband, George W. Bryson, an habitual drunkard, after she had notified him not to do so, and further alleging that finally in a fit of intoxication her husband committed suicide by taking poison. Plaintiff recovered a judgment in the sum of two thousand ($2,000) dollars, the same being the maximum penalty for four sales of intoxicating liquor made to deceased by defendant Enright, and defendants have appealed.

Defendants urge that the bond was given in the name of the State of Missouri and not in the name of the county as required by section 7196, Revised Statutes 1909, and that their demurrer to the evidence should

have been sustained. The petition alleges that defendants executed according to law the dramshop license bond sued upon, and having described a valid instrument and defendants having failed to deny its execution under oath, its execution, as described, stands confessed. [Johnson v. Woodmen of the World, 119 Mo. App. l. c. 102; Love v. Central Life Ins. Co., 92 Mo. App. 192.] The execution of the bond having been admitted by the defendants, plaintiff introduced evidence and rested her case without introducing the bond in evidence.

During the cross-examination by plaintiff of the defendant Enright, while the defendants were putting in their case, Enright refused to say that he had executed the bond, and for the purpose of showing his signature thereto and the execution thereof by Enright plaintiff introduced the bond in evidence, apparently overlooking the fact that the pleadings settled all of these matters in favor of plaintiff. The bond thus introduced in evidence was made in favor of the State of Missouri. The bond was not introduced by plaintiff in support of her case. Defendant Enright objected to the introduction in evidence of the bond and at no time did defendants themselves introduce the bond in evidence. A defense that the bond was not properly executed was not made at the trial. The burden of the defense was that plaintiff never warned the saloon keeper or any of his agents not to sell liquor to deceased; that plaintiff's character was bad and that she was not worthy of belief. The case was not tried on the theory that the bond was not executed in the name of the county. Defendants, having admitted the execution of the bond, the same not being introduced by plaintiff in making her case (but only during the defense for impeachment, purposes) and defendants having failed to use the bond as a matter of defense, but tried the case on other theories, we fail to see how any question affecting the validity of the bond can now be raised.

It is stated in Johnson v. Woodmen of the World, supra:

198 M. A.—34

"By failing to deny the execution of the instrument under oath, the defendant admitted or confessed its execution. [See 746, R. S. 1899.] The execution of what instrument was confessed? Manifestly the instrument alleged or described in the petition. As said in Hart v. Harrison, 91 Mo. 414, 422, the instrument 'described in the petition,' is confessed. There is therefore no necessity for introducing it in evidence, since its existence, as set forth, being admitted, no issue is made upon which evidence can apply. [State to use v. Chamberlain, 54 Mo. 338; Thomas v. Life Ass'n, 73 Mo. App. 371; Love v. Ins. Co., 92 Mo. App. 192.] When it is said in the cases cited that the execution of such an instrument stood confessed as a valid contract, it was meant, of course, that it was a valid contract, so far as its execution was concerned. For, there might be cases where the allegations setting forth or describing such instrument would show, that though executed, it was not, legally, a binding obligation. That, however, is not the case here. The petition described a valid instrument and its execution, as described, stands confessed.

"But though the execution of an instrument of writing, as set forth by a plaintiff, is confessed, it does not follow that the defendant should not be allowed to show, under a proper answer, that no consideration for the instrument had been rendered. [21 Mo. App. 390.] We therefore can see no reason why, in this case, the defendant would not have been able to show, under a proper answer, that deceased Johnson failed to pay his assessments and dues and thereby failed to render the consideration necessary to continue the certificate as a binding contract after its execution. By the terms of the statute, the certificate, as we have said, imports a consideration. But that, of course, does not prevent an affirmation showing that, in point of fact, there was no consideration, or that it failed."

Of course, as we have already said, defendants made no effort to show, nor did they claim, that the bond was not a valid one, therefore, the introduction of the bond

in evidence by plaintiff could not have changed the situation under the circumstances.

The conditions of said bond were as follows:

"Now if the said party, as principal, shall keep at all times an orderly house, and shall not sell, give away or otherwise dispose of, or suffer the same to be done about his premises, any intoxicating liquor, in any quantity, to any minor, and if he shall not violate any of the provisions of the laws of the State of Missouri and Amendments thereto, relative to Dramshops; and if he shall pay all fines, penalties and forfeitures that may be adjudged against him under the provisions of said laws and amendments thereto, and if he shall pay all taxes on statements accompanying application, then this obligation shall be void; otherwise to be and remain in full force."

Defendants urge under the doctrine of *strictissimi juris* as applied to sureties upon bonds of this kind that the defendants, Heins and Gray, the sureties on the bond, should not be held liable under its terms to a wife for the selling of liquor to her husband, an habitual drunkard, as the bond by its express terms does not include such a liability. It is now well settled in this State that in construing statutory bonds the general language of the bond must be interpreted in the light of the statute pertaining to the subject-matter of the bond, that such a statute is to be read into the bond, and that the sureties are held to have contracted with a view to such statute. [Henry County v. Salmon, 201 Mo. 136; State ex rel. v. Rubber Mfg. Co., 149 Mo. l. c. 212.]

In view of this it is necessary to examine sections of the statute covering the matters in connection with section 7196, Revised Statutes 1909, supra, which provides for the giving of dramshop keeper's bonds. And in this connection we find section 8223, Revised Statutes 1909, covering the selling of intoxicating liquors to habitual drunkards. In this latter section we find that it is provided that dramshop keepers cannot sell intoxicating liquor to an habitual drunkard after the former has been notified by the wife of the latter not to so sell;

and providing further that if such dramshop keeper does so sell intoxicating liquor, the wife may sue on such bond. Section 7223 must be read into the bond given by defendants in this case, and after this is done it is apparent that the bond not only covers the selling of intoxicating liquors by dramshop keepers to an habitual drunkard under the circumstances prohibited under such section, but also provides that the wife of such habitual drunkard may bring suit upon such bond.

This suit was brought on a petition alleging ten separate sales of intoxicating liquor in one count, and a general recovery was had on four of such sales. The court gave to the jury a form of verdict which permitted them to render a general verdict on the four sales. The jury thereafter rendered a general verdict in the sum of two thousand ($2000) dollars, being the maximum penalty for the four sales. On this defendants base an assignment of error. Defendants did not attempt to reach this defect in the petition by a motion or other pleading but filed their separate general denials or answers. Having taken this course defendants are not now in a position to urge this point as all the pleaded causes submitted to the jury were good and there was evidence to support all of the sales submitted to the jury. [Finnell v. Street Ry. Co., 159 Mo. App. 522.]

Defendants complain of various remarks by plaintiff's counsel to the jury. Defendants objected to these remarks and the court sustained the objections. Defendants now urge that the court should have rebuked plaintiff's counsel for the remarks. Defendants' counsel did not ask that plaintiff's counsel be rebuked and defendants saved no exceptions of any kind to the rulings of the court made in reference to these objections. Under the circumstances defendants are in no position to make this point in this court.

The judgment is affirmed. All concur.