AMANDA RAMER, Appellant, v. AMERICAN CENTRAL INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, March 22, 1897.

Insurance: WARRANTY AGAINST INCUMBRANCE: READING POLICY. Where by the express terms of a policy it is to become void if there is an incumbrance without notice or assent of the company, such incumbrance defeats a recovery even though the insured never read the policy but accepted it.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*D. J. & W. L. Heaston* for appellant.

(1) A mortgage is a mere security for the debt, and until maturity or condition broken does not change the title. As the mortgages set up by defendant were not due, and no effort had been made to take possession or close them, there was no such change of title, interest or possession as would avoid the insurance. *Ethington v. Ins. Co.*, 55 Mo. App. 129; *Pease v. Iron Co.*, 49 Mo. 128; *Jecko v. Ins. Co.*, 7 Mo. App. 308;

*Morrison v. Ins. Co.*, 18 Mo. 262, 265; Boone on Mort., sec. 109 and citations; *Loan Co. v. Ins. Co.*, 62 N. W. Rep. 877; *Ins. Co. v. Bachler*, 62 N. W. Rep. 911; *Vankirk v. Ins. Co.*, 48 N. W. Rep. 798; *Alkan v. Ins. Co.*, 10 N. W. Rep. 91; *Castner v. Ins. Co.*, 8 N. W. Rep. (Mich.) 554; *O'Brien v. Ins. Co.*, 17 N. W. Rep. (Mich.) 726; Wood on Insurance, sec. 388; *Woods v. Hildebrand*, 46 Mo. 284; *Knopp v. Ins. Co.*, 59 N. W. Rep. (Mich.) 653; *Duprea v. Ins. Co.*, 43 N. W. Rep. (Mich.) 585; s. c., 76 Mich. 615; *Ins. Co. v. Fogleman*, 35 Mich. 481; *Ins. Co. v. Gibe*, 162 Ill. 251; s. c., 42 N. E. Rep. 490; *Sun Fire Office v. Clark*, 42 N. E. Rep. 248; *Lodge v. Ins. Co.*, 58 N. W. Rep. 1089. (2) As the insurance company injects its own conditions into its insurance policies, and thereby makes the terms and conditions of its contract without the consent or agreement of the insured, if such conditions are entitled to any consideration they should be interpreted most strongly against the company. *Renshaw v. Ins. Co.*, 103 Mo. 575; *Ethington v. Ins. Co.*, 55 Mo. App. 129; *Hale v. Ins. Co.*, 46 Mo. App. 508; *LaForce v. Ins. Co.*, 43 Mo. App. 518, 529.

*Fyke, Yates & Fyke* for respondent.

It is well settled in this state that under the foregoing facts plaintiff is not entitled to recover. *Hubbard v. Ins. Co.*, 57 Mo. App. 1; *Harness v. Ins. Co.*, 62 Mo. App. 245; *Barnard v. Ins. Co.*, 26 Mo. App. 27.

GILL, J. —This is an action on a policy of insurance for $1,000 covering a building in Bethany, Missouri. It was expressly stipulated in the policy that it should "be void and of no effect, if without notice to this company and permission therefor in writing indorsed

hereon * * * the, property be mortgaged or otherwise incumbered." It was shown at the trial, and now conceded, that when the policy was issued there was an outstanding and unsatisfied mortgage of $400 on the property, placed there by the plaintiff; that subsequent to the date of the policy plaintiff executed a second mortgage to secure a debt of $100; that both of these incumbrances remained unpaid and unsatisfied when the fire occurred, and that the company had no notice or knowledge of these mortgages until after the property was destroyed.

On this state of facts the circuit judge, sitting as a jury, found in defendant's favor, and from a judgment in accordance therewith plaintiff appealed.

The judgment is clearly correct. The undisputed facts show that plaintiff has no legal right to recover. By the express terms of the contract existing between her and the defendant, the policy was to be void, if there was then or should be, without the notice or assent of the company, any mortgage on the property. This provision in the policy constituted a warranty, affirmative and promissory, that is, that at the issuance of the policy there was no mortgage incumbrance thereon, and further that there should be none placed on the property, except with the knowledge and consent of the company. As a warranty, said clause entered into and formed part of the contract itself. It defined by way of particular stipulation and condition the precise limits of the obligation the insurer undertook to assume, and no liability could arise except within those limits. 1 May on Ins., sec. 183.

*INSURANCE: warranty against incumbrance: reading policy.*

The authorities cited by plaintiff's counsel in no way impair the force and effect of the foregoing rule.

The policy, having been accepted and held without objection by the plaintiff, constituted a contract binding on both the insurer and assured, and this regardless of the fact whether the plaintiff read it or not.

Judgment affirmed. All concur.