## WILLIAM MAGEE, Respondent, v. W. H. VERITY et al., Appellants.

Kansas City Court of Appeals, January 5, 1903.

1. **Building and Loan Associations: COMPETITIVE BIDDING: PREMIUM: USURY.**  Where there is no competitive bidding for preference of a loan, the statute on building and loan associations does not protect the loan from the vice of usury.

2. ———: **USURY: PARTICIPATION: SETTLEMENT.**  Where a borrower settles with the association and receives a part of the money earned by his and other usurious contracts, he is bound by such settlement and can not plead usury in his own contract.

3. ———: **SETTLEMENT: FRAUD.**  Where there is no fraud in obtaining the signature of the maker to a settlement, he will not be permitted to show that such paper does not contain the contract. (Crim v. Crim, 162 Mo. 544, followed.)

4. ———: **FRAUD: SIGNING UNREAD CONTRACT.**  Mere falsely representing to a man in possession of his faculties and able to read, that a writing involves the verbal understanding of the parties, is not the fraud which will set aside a contract.

5. ———: **SETTLEMENT: ABANDONMENT.**  If a settlement has been abandoned and never recognized by the parties thereto, it is of no force.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Smoot, Fogle & Eason* for appellants.

(1)   The court erred in holding the contract of November 25, 1896, void.   Plaintiff admitted its execution.   The burden was on him to show such fraudulent acts on the part of the agent of the association, as would vitiate it.   He who charges fraud must prove it by preponderance of the evidence to the satisfaction of the court, and such evidence must be clear, convincing and conclusive.   Forrester v. Schofield, 51 Mo. 268; Jackson v. Wood, 88 Mo. 76; Kaiser v. Gammon, 95 Mo. 217; Shoe Co. v. Miller, 53 Mo. App. 640; Fenniwick v. Bowling, 50 Mo. App. 516; Lithograph Co. v. Obert, 54 Mo. App. 240; Kingman v. Shawley, 61 Mo. App. 54; Saunders v. McClintock, 46 Mo. App. 216; Davidson v. Hobson, 59 Mo. App. 130; Wannell v. Kem, 57 Mo. 478. (2)   Plaintiff could read and write—was a man of ordinary intelligence.   The contract was printed with blank spaces filled in in writing.   He took it in his hands. He signed it.   He acknowledged it in solemn form before his legal adviser, Mr. Gray.   It was his duty to have ascertained what he was signing.   Railroad v. Clearly, 77 Mo. 634; Leonard v. Railroad, 54 Mo. App. 293. The law presumes he read it and understood its contents. Nichol v. Young, 68 Mo. App. 453, and cases there cited; Campbell v. Van Houten, 44 Mo. App. 231; Anderson v. McPike, 86 Mo. 293; Bigelow on Fraud, 87; Development Co. v. Silva, 125 U. S. 259; Nichol v. Young, supra; Warren v. Richey, 128 Mo. 311; 14 Ency of Law (2 Ed.), 112; Eaton on Equity, 298; Hadley v. Geissler, 90 Ill. App. 565.   (3)   Plaintiff, by his contract of November 25, 1896, accepted the profits of his usurious contract.   By this voluntary act he is estopped from asking relief.   State ex rel. v. Stockton, 85 Mo. App. 477.

*Higbee & Mills* and *S. W. Mills* for respondent.

(1)   As between the original parties if one has procured the signature of the other to a written instrument, whether by fraud or not, which does not contain the contract made by the parties, but a different one, he can not be permitted to avail himself of the writing, but must stand by the real contract.   Wright v. McPike, 70 Mo. 175; Johnson v. Life Ins. Co.; decided by this court, April 7, 1902.   (2)   The assignee succeeds only to the rights of the assignor.   Drew v. Baldwin, 27 Mo. App. 44; In re Excelsior Mfg. Co., 164 Mo. 316.   (3)   The evidence is clear and uncontradicted that plaintiff relied implicitly on the statements of the anonymous agent; believed everything connected with the association "was honest clear through."   The relations were confidential. That Gray may have confirmed his faith does not alter the complexion of the case.   Becraft v. Grist, 52 Mo. App. 586; Hickam v. Hickam, 46 Mo. App. 499, 506; The Beck, etc., Co. v. Obert, 54 Mo. App. 240, 248.   (4) The monthly interest payment, $2.40, is equivalent to seven and two-tenths per cent.   The evidence shows clearly that eighty-five monthly payments of $6, more than paid the note in full, reckoning the interest at that rate.   But, being usurious, interest will be reckoned at six per cent.   There were one hundred and two monthly payments made by plaintiff, $612, while the association was solvent and doing business.   It was rock-ribbed and sound to the core on February 28, 1900, as appears by the semiannual statement made by defendant Verity, as secretary, in which the president joined, both under oath.

ELLISON, J.—This is a proceeding in equity to cancel a note and deed of trust and restrain a sale thereunder.   The decree in the circuit court was for plaintiff.

Plaintiff became a member of the Missouri Guarantee Savings and Building Association which company afterwards made an assignment and defendant Verity

was made assignee. Plaintiff borrowed of such association $400, giving his note containing a contract that plaintiff was to pay the association on the twentieth of each month, two dollars on his stock; one dollar and sixty cents for premium and preference in the loan, and two dollars and forty cents interest, making a total of six dollars per month. The interest charge, together with the charge made for preference of loan, exceeded the rate allowed by law. Therefore, if it be true, as the evidence tended to show, that there was no competitive bidding for preference of loan, the statute on building and loan associations (in force at date of loan) will not protect the loan from the vice of usury. Brown v. Archer, 62 Mo. App. 277, and like cases since decided. And, assuming that plaintiff's calculations of amounts paid were correct, he would be entitled to a cancellation of the note and deed of trust unless for the following consideration:

Defendant charges, by answer, that after the note aforesaid had been running for a long space of time and many payments had been made, there was a settlement in writing between plaintiff and the assignee aforesaid wherein the note and all payments made by plaintiff and all profits due him were adjusted and a new obligation entered into by plaintiff; thus bringing the case within the rule laid down in State ex rel. v. Stockton, 85 Mo. App. 477; Covey v. Building and Loan Ass'n (not yet reported). In those cases the rule is stated and the reason given therefor, that if a borrowing member of a building and loan association who has taken a loan outside the protection of the statute and thereby infected with usury, afterwards makes a settlement with the association and takes to himself a part of the money earned by his and other contracts, he is bound by it.

But conceding such to be the law, plaintiff charges that the settlement did not contain the contract between the parties and was also obtained by fraud, and is therefore not binding on him. He contends that even though the settlement was not obtained by fraud, yet he had a

Magee  v.  Verity.

right to show that it did not contain the contract between the parties, and cites Wright v. McPike, 70 Mo. 175, in support of his assertion.    That case sustains plaintiff's position, but it has been lately overruled by the Supreme Court and declared not to state the law.    Crim v. Crim, 162 Mo. 544.

There is no evidence whatever to sustain the charge of fraud.    The plaintiff, a man who can read and write, signed the paper without reading it.    He did, however, take it to his neighbor, a business man of experience, and, on his advice, signed it.    Plaintiff can not be allowed to show that the written paper signed by him does not contain the contract.    If a party is induced to sign a contract by fraud, he can, of course, avoid it for that reason.    It is, however, clear that merely falsely representing to a man in possession of his faculties and able to read, that a writing embodies their verbal understanding, is not the fraud the law means.    Johnson v. Ins. Co. (not yet reported).    These considerations make it necessary to reverse the judgment.

But something was said at the argument, as well as at the trial, that the new agreement or settlement was never recognized by the parties after it was made.    Evidence as to this may develop further on, at another trial, and we will therefore remand the cause.    If it be true that a settlement was made but abandoned and never recognized, it could be of no force.

Reversed and remanded.    All concur.