J. M. CATTERLIN, Appellant, v. B. E. LUSK et al., Respondents.

Kansas City Court of Appeals, February 2, 1903.

1. Bills and Notes: EXECUTION: RECOVERY: FRAUD: CONSIDERATION. The execution of a note being admitted the holder is prima facie entitled to recover, but where fraud or want of consideration exists there can be no recovery.

2. ———: FRAUD: EVIDENCE. On a review of the evidence there is no showing of fraud.

3. ———: ———: READING. Where a party, without fraud practiced upon him, signs a contract he is conclusively presumed to know its contents and to accept the terms thereof, and the fact that he did not read it does not alter the rule.

4. ———: COMMISSIONS: INSTRUCTIONS. An instruction set out in the opinion and relating to an agent's recovery on a note given by the borrower and to certain commissions paid by the lender, is held unintelligible and wanting in clearness of expression.

5. ———: CONSIDERATION: INSTRUCTION. Between the original parties the consideration of a note may be impeached and the question of fact on proper evidence may be submitted to the jury.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*Smith & Denton* for appellant.

(1) Under the circumstances the defendants will be each as conclusively bound by the terms of their written contract as if they had fully read and re-read the same any number of times. Snider v. Express Co., 63 Mo. 383; Kellerman v. Railroad, 136 Mo. 188; Robinson v. Jarvis, 25 Mo. App. 425; School District v. Ins. Co., 61 Mo. App. 600. (2) Under the facts as stated in proposition 1, oral testimony was not competent and should not have been received by the court to contradict the terms of the contract, as evidenced by the note sued on and the deed of trust securing the same, which recited the note in suit. Kingman v. Shawley, 61 Mo. App. 61; Van Ravenswaay v. Ins. Co., 89 Mo. App. 77; Crim v. Crim, 162 Mo. 552. (3) Under the defendants' own answer and their own evidence, plaintiff had a perfect right, under the law, to contract with defendants for payment by them, directly to him, of a commission or fee or compensation for making this loan, although he was at the time to receive a commission from the Missouri Saving Association. Casey v. Donovan, 65 Mo. App. 28.

*Francisco & Clark* for respondents.

No briefs filed.

SMITH, P. J.—This is an action which was brought before a justice of the peace on a promissory note. In the circuit court, where the cause was removed by appeal, the defendants filed an amended verified statement admitting the execution of the note but alleging the same was procured by fraud. It was therein further alleged that the plaintiff was a loan agent in Butler and agreed to loan them eighteen hundred dollars upon certain real estate security in Bates county; said loan was to be made by the Missouri Savings Association, which loan was to run for a period of six years and to secure which the defendants agreed to execute a deed of trust on their real estate securing a coupon bond for eighteen hundred dollars; and also another note to the said savings association for two hundred sixteen dollars which was also to be secured by a second deed of trust on the said real estate, and in addition thereto that the defendant should pay the plaintiff for an abstract of the title to said real estate, and that these were the only papers, which, under the contract, they were to execute, and the only obligations they were to incur were to be the payment of said two notes and the plaintiff's charges for the abstract. That in fraud of the defendants the plaintiff wrote up the note in suit made payable to himself, and being for the sum of one hundred dollars, and that when they executed the note they did not read the same but relied upon the statements of the plaintiff that it was one of the papers which they had agreed to execute for the purpose of securing the loan as stated, and that the same was never intended to be executed or delivered by them, and that there was no consideration for the note.

The evidence adduced at the trial was in substance about this: The defendant B. E. Lusk, testified that he made the agreement with the plaintiff for the loan and that at the time of the execution of the note he did not know he was signing any such paper, did not read it,

and did not know that he had executed the note for quite a while thereafter; that he was a graduate and practicing physician, wrote, read and understood the English language; that the papers which he was to execute to secure the loan were taken by himself from the office of the plaintiff in Butler to where he lived in the country, ten miles away, where all the defendants executed the two notes to the Missouri Savings Association, and the two deeds of trust securing the same; that he sent for a notary public who came over and took the acknowledgment of each of the defendants to the papers which they executed; and that at this time they executed the note in suit without reading it and supposing it to have been one of the papers which was executed to secure the eighteen-hundred-dollar loan. That a deed of trust securing this note was subscribed and acknowledged at the time, before this same notary public, and in which deed of trust it was expressly recited that it was subject to the deed of trust securing the eighteen-hundred-dollar loan to the said saving association; that when the papers were all delivered to him at the office of the plaintiff in Butler for execution, the final agreement between him and plaintiff was that if he would take these papers down there, have them signed up and acknowledged where acknowledgment was required and return the same to him, that he would then turn over to them the eighteen-hundred-dollar loan.

The defendant C. A. Lusk testified that he had first mentioned the matter of this loan to plaintiff, but that he was not present at the time the contract was made between his brother, B. E. Lusk, and plaintiff, Catterlin; that the papers were all executed and acknowledged at the home of his brother, ten miles from Butler, before a notary public; that he was also a graduate and practicing physician and understood the English language and understood the note in suit and the deed of trust which secured it, but that in fact he

did not read the papers at the time of the execution, but after they were executed he brought them to Butler and delivered them to the plaintiff, and upon such delivery he received from the plaintiff the proceeds of the eighteen-hundred-dollar loan.

The plaintiff testified that the contract for securing this loan was made between himself and the defendant, C. A. Lusk, and that by the terms of the agreement he undertook to secure the eighteen-hundred-dollar loan, if in addition to the execution of the two notes and deeds of trust and the payment of the abstract fee, the defendants would execute to him their note for one hundred dollars and secure the same by a third deed of trust on the real estate; and that at the time the papers to that effect were written up they were turned over to one of the defendants with the direction that if they would return the same to him executed he would thereupon pay over to them the proceeds of the eighteen-hundred-dollar loan, there being some prior incumbrances against the land that he would have to pay off; that the papers were taken to the home of defendant, B. E. Lusk, and were afterwards all returned to him executed as had been agreed upon, and thereupon he paid over to the defendant, C. A. Lusk, the loan.

The execution of the note sued on being admitted the plaintiff was prima facie entitled to recover. If, however, its execution was procured by fraud and misrepresentation, or was wholly without any supporting consideration, as defendants contend, then plaintiff ought not to recover.

There is no evidence that plaintiff was guilty of any fraud or misrepresentation in inducing the defendants to execute the note. All of them could read and write. When the plaintiff delivered to them the several notes and deeds of trust with the request that they execute them, it was their duty to read and acquaint themselves with the nature and contents of such instruments; and if after having been, as they were, afforded

the most ample opportunity to do so and did not avail themselves of same, but executed and delivered said instruments to plaintiff, they ought not now be heard to say that they did not read them and did not know their contents, and so were deceived and defrauded into executing them. If the plaintiff did not apprise them of the contents of all of such instruments or did not, in delivering the same to them for execution, call their special attention to the note sued on, this will avail them nothing in this action because they were afforded an opportunity to read all the instruments for themselves and acquaint themselves with their contents before executing and delivering them, and if they neglected to do so they have no one to blame but themselves.

The rule now prevailing in this State is, that when a party, without fraud practiced upon him, signs a contract he is conclusively presumed to know its contents and to accept the terms thereof, and the fact that he did not read it does not alter the rule. Johnson v. Ins. Co., 93 Mo. App. l. c. 590; VanRavenswaay v. Ins. Co., 89 Mo. App. l. c. 77; Railroad v. Cleary, 77 Mo. 634; O'Bryan v. Kinney, 74 Mo. 125; Mateer v. Railroad, 105 Mo. 320; Och v. Railroad, 130 Mo. 44; Kellerman v. Railroad, 136 Mo. 188; Crim v. Crim, 162 Mo. 544. As was said in the last-cited case: "The written contract is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties. To permit a party, when sued upon a written contract, to admit he signed it but to deny that it expressed the agreement he made, or to allow him to admit he signed it but did not read it or know its stipulations, would absolutely destroy the value of all contracts and negotiable instruments." And in the first of the above cited cases it was said: "When no relation of trust and confidence exists, the false representation of the opposite party as to the contents of the paper is not a fraud in law, when the party to whom

the representations are made can read and has an opportunity to do so.''

Accordingly, we must hold that the plaintiff's fourth, fifth and eighth refused instructions contained proper expressions of the law applicable to the case, and should have been given.    There is not one iota of evidence in the record which tends to establish the fraud alleged.    The transaction seems to have been conducted in a manner that was open and fair.    No fraudulent artifice or trick was practiced by the plaintiff in conducting the negotiations respecting the loan, and no reason is seen why his seventh instruction to that effect should not have been given.

It results from what has been said that the plaintiff's seventh and eighth, as modified by the court, did not correctly express the law.    The plaintiff's sixth was modified—the modification in italics—which declared:    ''That under the admissions of the defendant in this case the plaintiff had a perfect right, under the law, to contract with the defendants for payment by them to him directly, the amount of the note sued on here, and it is no defense to the plaintiff's case here that the plaintiff was paid, by the bank making the principal loan to the defendants, a commission for representing it in making the said loan, *if you find as a matter of fact that the defendant did contract to pay plaintiff a commission other than that to the bank.*''
This, it seems to us, is unintelligible and wanting in clearness of expression.    As so modified, it was better calculated to confuse than to enlighten the mind of the jury and should not have been given.

Even though the execution of the note was not procured by fraud, still, we see no reason why the defendants may not impeach its consideration and show a partial or total failure thereof.    Sec. 3946, R. S.    According to the defendants' testimony, it had no supporting consideration, while, on the other hand, that of the plaintiff tended to show that it had.    No instruction

was requested or given that fully submitted this issue. As to what will constitute a sufficient consideration to support a promise, we may refer to Chenoweth v. Express Co., 93 Mo. App. 1: c. 192, and cases there cited.

As to the other grounds of plaintiff's assault upon the judgment, it is sufficient to say, without noticing each specially, that we have examined all of them and have concluded that they ought not to be sustained.

It results that the judgment, which was for defendants, must, on account of the errors hereinbefore referred to, be reversed and the cause remanded. All concur.