## HOME INSURANCE COMPANY, Respondent, v. T. B. WINN et al., Appellants.

**Kansas City Court of Appeals, May 20, 1907.**

BILLS AND NOTES: Fraud: Evidence: Reading Note. The record is examined without finding any evidence showing any trick, artifice or fraudulent device to prevent the makers from reading said note, and it is held that there is no fraud in the case.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Alexander Graves* for appellants.

(1) Upon exhibit A, and the above parole evidence, the court erred in giving a peremptory instruction to find for plaintiff sixty-four dollars. The false and fraudulent statements and misrepresentations of the agent stand admitted, he being present in court and not called to contradict them. Baldwin v. Whitcombe, 71 Mo. 651; Wells v. Adams, 87 Mo. App. 227. (2) Another obvious error is that the instruction peremptorily ordered the jury to render a verdict for sixty four dollars.

*John Welborn and Charles Lyons* for respondent.

(1) The peremptory instruction asked by respondent was properly sustained for the reason that appellants admitted they had an opportunity to read the application and note and neglected to do so. Johnson v. Insurance Co., 93 Mo. App. 581; Railroad v. Clearly, 77 Mo. 634; O'Bryan v. Kinney, 74 Mo. 125; Mateer v. Railroad, 105 Mo. 350; Och v. Railroad, 130 Mo. 44; Kellerman v. Railroad, 136 Mo. 189; VanRavenswaay v. Insurance Co., 89 Mo. App. 77; Crim v. Crim, 162 Mo. 544.

ELLISON, J.—This action was instituted on a promissory note. The trial court gave a peremptory instruction for the plaintiff and defendants have brought the case here.

The note was payable in installments and was given for the premium on a policy of insurance. The defense was that defendants' signatures thereto were procured by fraud. It appears that defendants made a written application for the insurance to which was attached the note in suit. They signed both the application and note. They testified that they did not know they were signing a note. That the plaintiff's agent did not say anything about a note, but asked them to sign an application. They could each read and write. The application, at the place of signature, called their attention, in plain type, that they must sign both it and the note. The note itself is printed in plain full type, setting out the different installments and could not have been unobserved by any one with eyesight. In our opinion there was a total failure to make out a case of fraud. We have carefully examined the entire record and find that there was no evidence whatever of any trick, artifice or fraudulent device to prevent defendants from reading the papers they signed. Under the law as repeatedly stated in this State, the trial court could not have done otherwise than as it did. [Crim v. Crim, 162 Mo. 544; Och v. Railway, 130 Mo. 41-45; Johnston v. Insurance Co., 93 Mo. App. 580; Catterlin v. Lusk, 98 Mo. App. 182; McNealey v. Baldridge, 106 Mo. App. 17; Magee v. Verity, 97 Mo. App. 486; Powell v. Price, 111 Mo. App. 320; Manufacturing Co. v. Carle, 116 Mo. App. 581.] The judgment is affirmed. All concur.