UNITED BREEDERS COMPANY, Appellant, v. C. R. WRIGHT, Respondent.

Kansas City Court of Appeals, January 11, 1909.

CONTRACTS: Execution: Negligence: Liability. Where a business man possessed of ability and opportunity to know what he was signing takes the word of an utter stranger as to the contents of the instrument without reading or having it read and signs the same he is careless and the court cannot be his guardian though the other party may be guilty of fraud.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*L. W. Booher, J. B. Majors* and *Hine & Cross* for appellant.

(1) Where defendant signed an order to purchase certain goods he was conclusively presumed to know the contents of the writing and could not show that he did not read it and agree to it, after he had signed the same. (2) The party is bound to know the contents of a writing signed by him, and if he signed the same without reading it, or relied upon the representations of a stranger he is nevertheless bound by the same. Manufacturing Co. v. Hudson, 113 Mo. App. 350; Insurance Co. v. Winn, 125 Mo. App. 384; Manufacturing Co. v. Carle, 116 Mo. App. 581.

*P. C. Breit, Stephen Fee* and *J. A. Sanders* for respondent.

(1) If a party intentionally misrepresents a material fact, or produces a false impression in order to mislead another or to entrap or cheat him, or obtain an undue advantage of him, this constitutes positive or actual fraud in the truest sense of the term; and the misrepresentations are not confined to words or positive assertions, it may well consist of deeds, acts or artifices to mislead. Bank v. Crandall, 87 Mo. 208, 209. (2) The question as to whether or not the signature of respondent was obtained by fraud, was a proper question for the jury to pass upon. Frederick v. Clemens, 60 Mo. 315. The law of the case was properly declared to the jury. Cole Bros. v. Friedmair, 19 Mo. App. 12; Manufacturing & Improving Co. v. Carle, 116 Mo. App. 581; Broyles v. Abasher, 107 Mo. App. 168.

JOHNSON, J.—This suit was brought before a justice of the peace on an account for merchandise sold and delivered. The statement filed shows that on October 8, 1904, plaintiff, a corporation, sold and delivered to defendant goods of the value of $120.67, and that defendant paid $60 on the account on April 1, 1905. Judgment is asked for the remainder with interest. Defendant denies that he bought the goods and received them on his own account and alleges in his answer that the written order for the goods held by plaintiff which bears his signature was fraudulently procured by plaintiff's agent. He presents a counterclaim of $20.25 for advances of money made by him on plaintiff's account and for a livery bill he claims plaintiff owes him, and prays for judgment on the counterclaim. A trial in the circuit court, where the cause was heard on appeal, resulted in a verdict and judgment against plaintiff on the account and for defendant

on the counterclaim, in the sum of $17. Plaintiff appealed.

Material facts disclosed by the evidence are as follows: Plaintiff, a New York corporation with a place of business in Chicago, was engaged in the sale of a certain kind of food for live stock. It sent an agent named Laswell to introduce the food to farmers in Andrew county. He appeared at Savannah, the county seat, and engaged a livery team and driver of defendant, the proprietor of a livery stable, to take him among the farmers. He used the conveyance four days and succeeded in making sales to various farmers, in each instance procuring a written order which provided for the delivery of the goods at defendant's stable in Savannah. When he returned to Savannah on the fourth day, Laswell told defendant he had a telegram compelled him to leave at once and that th waiting to take him to the train. hibited the orders he had taken tention to the provision f and requested defendant and collector. Defen his livery bill of $1 from plaintiff's c written instrumer sign, explaining t to you to save t something to curred in th mark quot without reading

ers came for the food they had ordered and paid for it, others got their food and did not pay, and still others did not come at all. All told, defendant collected about $60 and at the right time, another agent of plaintiff came along and, showing his authority to collect for his principal, induced defendant to pay over to him the $60 collected, with the understanding that defendant might apply subsequent collections first, to the payment of the livery, freight and drayage bills. There were no subsequent collections, and defendant afterward was confronted with his order for all of the food and a demand was made on him for the payment of the remainder of "the account."

The foregoing statement of facts is that most favorable to defendant. There are facts and circumstances in evidence which tend to show that defendant
he was doing when he signed the order and
sated for assuming the position of
d for which Laswell produced
for his compensation also
nces for freight charges.
of the case, we shall
s standpoint alone,
contract without
ue character, sup-
that it did not
nd pay for the
anner with a
because the
had time."
business

self with the true purport of the instrument he was deceived into signing. He frankly admitted on cross examination that he was careless. We think this word correctly describes his conduct and that the learned trial judge erred in submitting to the jury, at the instance of defendant, the questions of whether the defendant was fraudulently induced to sign the contract, and was free from negligence himself. A measure of finality and stability must be accorded to written contracts, else the door would be open wide to confusion, perjury and profitless litigation. The general rule is that parties to such contracts are not permitted to go behind the writing. Everything pertaining to the subject-matter that precedes the signing of the instrument must be regarded as being merged into the instrument. The cases in which this rule does not obtain are exceptional and consist of those instances where one of the parties, while acting as an ordinarily careful and prudent man in his situation would act, nevertheless is misled to his detriment by some fraudulent trick or contrivance of the other party. As, for example, where a party cannot read or whose sight is defective finds himself in a position where he must rely on the other party correctly to read or state the contents of the instrument, and is deceived by a false reading or statement, or where he reads the contract and finds it to express the agreement, but the other party, by flim flam or deft manipulation of some kind, obtains his signature to another and different contract. To give a stated case place among the exceptions to the rule, two things are indispensable, viz., fraud in the procurement of the contract practiced by one party, and ordinary care and prudence exercised by the other. In the facts before us, we find evidence of fraud on the part of plaintiff's agent, but we find no hint of ordinary care on the part of defendant. Possessed of the ability and

opportunity to know what he was signing, he took the word of an utter stranger for the contents of the instrument. An ordinarily careful and prudent man would not have acted thus. This we declare as a matter of law. Courts will not act as the guardian of the negligent and careless. They must abide the consequences of their remissness.

The law applicable to this case is thoroughly discussed in the case of Manufacturing Co. v. Carle, 116 Mo. App. 581; Bank v. Hall, 129 Mo. App. 286, 108 S. W. 633, and we refer to these decisions and the authorities cited in them for a full discussion of the subject. Since there is no evidence in the record to support a reasonable inference that defendant was in the exercise of ordinary care and prudence when he signed the contract, the issue of the fraudulent procurement of the contract tendered by the pleadings was not in the case and should not have been sent to the jury as an issue of fact. Other points made by defendant are without merit.

The judgment is reversed and the cause remanded. All concur.