**J. D. DONNOHUE, Trading as The National Sanitary Company, Respondent, v. RUDOLPH MEYER, Appellant.**

### Kansas City Court of Appeals, November 7, 1910.

**CONTRACTS: Sales: Absence of Fraud.** Plaintiff's agent procured from farmers written orders for "Dip" to be delivered through the defendant in one-half barrel lots. Defendant then gave written orders for the amount of the "Dip" sufficient to fill said orders. Shipment was made in barrel lots. *Held,* that there being no stipulation in defendant's orders as to the form of shipment and no fraud in the procurement of the orders from defendant, the plaintiff was entitled to recover the selling price of the goods.

Appeal from Benton Circuit Court.—*Hon. C. A. Denton,* Judge.

AFFIRMED.

*W. A. Dollarhide* for appellant.

(1) It is a fundamental principle of law that a meeting of minds is essential to a contract. Barton v. Hunter, 59 Mo. App. 610. (2) The minds of the parties must assent to the same thing in the same sense. Mfg Co. v. Broderick, 12 Mo. App. 378; Green v. Cole, 103 Mo. App. 570; Robinson v. Estes, 53 Mo. App. 582. (3) As between the original parties to a contract, if one has procured the signature of the other to a written agreement, whether by fraud or not which does not contain the contract made by the parties, but a different one, he cannot be permitted to avail himself of the contract, but must stand by the agreement in fact entered into: Wright v. McPike, 70 Mo. 175; Cole v. Weidmair, 19 Mo. App. 7; Leibke v. Methudy, 18 Mo. App. 143. (4) Where one of the parties fails to read a contract before signing it but relies on the other party for a knowledge of its contents, he is not bound if he is thus induced to sign a contract different from the one he intended to sign. Wells v. Adams, 88 Mo. App. 215. (5) Fraud in procuring the signature of a party to a contract is a complete defense under a plea of *non est factum.* Tait v. Locke, 130 Mo. App. 273.

*E. C. White* for respondents.

JOHNSON, J.—This suit was begun before a justice of the peace to recover two hundred and forty-five dollars for goods sold and delivered under two written contracts signed by defendant. A jury was waived in the circuit court where the cause was tried on appeal and judgment was rendered for plaintiff in the sum demanded in his petition. Defendant appealed.

In his answer defendant admitted signing the written contracts for the sale of the goods, but alleged that his signatures were fraudulently procured by false representations on the part of the agent of plaintiff.

The evidence of defendant in support of this defense is as follows:

An agent of plaintiff, who is a manufacturer of disinfectants and insect exterminators in Sedalia, called on defendant, a retail merchant of Cole Camp, Benton county, and endeavored to sell him some sheep "dip." Defendant refused to buy until the agent offered to go among the neighboring farmers and procure orders for "dip" to be delivered through defendant, and at prices that would give defendant a profit. This offer met with defendant's favor and the agent went forth and sold "dip" to various farmers, procuring in each case a written order signed by the farmer which called for the delivery of the "goods" "via Rudolph Meyer" (defendant), and then returned to defendant's store where he procured two written orders from defendant for enough dip to fill all the orders of the farmers which he turned over to defendant. It was admitted at the trial that the "orders, both of them, transmitted to this court by the justice court were signed by the defendant. That the merchandise described in said orders were furnished by plaintiff and delivered to and received by defendant in accordance with said orders and that no part of the value of said merchandise has been paid for by said defendant to said plaintiff."

It is not claimed that the farmers' orders turned over to defendant by the agent of plaintiff were not bona fide orders duly signed as represented and the whole defense appears to be bottomed on the fact that the dip delivered to defendant pursuant to the terms of his orders was in large barrels and in filling the farmers' orders defendant would have been compelled to break bulk and measure the dip into smaller barrels and cans. Defendant refused to do this for the profit he would have in the transaction and attempted to force plaintiff to take back the goods.

We quote a letter defendant wrote plaintiff: "I notice that Barnett (the agent) who was down here and sold some dip to farmers sent the order in wrong. He sold them half-barrels and sent to me all big barrels. Now the people are kicking and will not take it at all. And I can't monkey with the stuff and buy barrels and measure all of it over. Now if this will not be fixed up as he took the orders I will just leave it at the depot as the people don't get what they ordered. Answer me at once."

The defense is entirely without merit. Out of his own mouth defendant condemns himself. A business man himself, he dealt with the agent of plaintiff with his eyes open and signed written contracts which purported to cover the whole transaction in clear and unambiguous terms and which were perfectly understood by defendant when he signed them. He admits the goods delivered were in accordance with all the terms of the contracts. If he wanted the goods delivered in the quantities stated in the farmers' orders which were examined by him before he signed the contracts, he should have stipulated for such separation. There was no "mutual mistake" in the orders and certainly there is not the slightest evidence of fraud in the procurement of the contracts. Defendant knew what he was buying and got what he bought.

The case is similar in principle to that considered by us in United Breeders Co. v. Wright, 134 Mo. App. 717, and we refer to the opinion in that case for a full expression of our views of the law that controls the disposition of the present case. The only notable difference in the facts of the two cases is that in the case cited the agent of the plaintiff did practice deception, while in the present case the agent was guiltless of any such practice. The judgment is affirmed. All concur.