# W. J. CALLOWAY, Appellant, v. S. W. McKNIGHT, Respondent.

**St. Louis Court of Appeals, February 3, 1914.**

1. **CONTRACTS: Varying Written Contract: Parol Evidence.** In the absence of fraud or mistake, parol evidence is not admissible to vary or contradict a written contract.

2. ——— ———: ———. A written contract to assume and pay notes, with interest on same from a specified date until paid, and "to fully comply with the conditions of said notes," was an agreement to pay interest on the notes according to their terms, and hence parol evidence of prior negotiations was not admissible to show that a different rate of interest was contemplated.

3. **PRINCIPAL AND SURETY: Effect of Assumption of Debt.** As between themselves, a person who assumes the payment of a note becomes the principal debtor, and the maker is relegated to the position of surety.

4. **FRAUD AND DECEIT: Misrepresentations.** As part payment on the purchase price of land, defendant entered into a contract whereby he assumed the payment of certain notes executed by plaintiff, which provided for six per cent interest per annum until paid and eight per cent interest per annum after maturity. The notes were due three days after the contract was entered into. Plaintiff stated to defendant, during the negotiations for the transaction, that, as the payee was satisfied with the loan, he would, in plaintiff's opinion, be willing to renew it at six per cent interest. The note was not renewed and no dealings were had with the payee, and when defendant came to pay it, some time after maturity, the payee insisted upon his paying eight per cent interest. Defendant refused to pay more than six per cent interest and the payee thereupon demanded that plaintiff pay him the extra two per cent. Plaintiff, having paid this amount, instituted suit against defendant to recover the same. *Held*, that no fraud on the part of plaintiff was shown, and that defendant, having become the primary obligor, as between plaintiff and himself, it devolved upon him to arrange with the payee to renew the note at six per cent interest, if he could, and not having done so, he was bound by the provisions of the note.

Appeal from Scotland Circuit Court.—*Hon. Charles. D. Stewart*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. M. Jayne* for appellant.

*J. E. Luther* for respondent.

ALLEN, J.—On March 5, 1910, plaintiff and defendant entered into a written contract for the sale by plaintiff to defendant of certain real estate. As a part of the purchase price defendant assumed the payment of certain notes, and interest thereon, one of such notes being for the sum of $1500. With respect to the latter, the written contract provides as follows: "Also said second party (defendant) is to pay off and fully discharge a certain note of $1500, given by said first party (plaintiff) and signed by himself and wife and payable to John T. Martin, with interest on same from March 8, 1910, until paid." A further provision of the contract is as follows: "All of the above notes and interest mentioned and assumed, as a part payment of the purchase price, the said second party binds himself, his heirs and assigns forever to fully comply with the condition of said notes," etc.

It appears that this note, which had been executed by plaintiff and his wife to Martin, and which defendant assumed, was dated March 8, 1909, and was payable one year after said date, at the Farmers' Exchange Bank, at Memphis, Missouri, and bore interest at the rate of six per cent per annum until due; but it provided that if the principal thereof were not paid at maturity, then the same would bear interest at the rate of eight per cent per anum, payable annually.

Although the note was due three days after the execution of the aforesaid written contract, it seems that no dealings were had with Martin, the payee thereof, but that the note was merely allowed to remain overdue; and on December 8, 1910, the defendant paid the principal of the note, with six per cent

interest thereon to that date. The payee, Martin, insisted that he was entitled to receive eight per cent upon the face of the note from and after maturity, to-wit, March 8, 1910. Defendant declined to pay more than six per cent. Martin then demanded of plaintiff the payment of the additional two per cent for the period of time mentioned, and finally threatened to institute suit against plaintiff therefor. Thereupon, on October 26, 1911, plaintiff paid the same, with interest, amounting to $23.44; and this suit is to recover said sum from defendant upon his contract assuming the said note and interest.

The cause was instituted before a justice of the peace, where defendant had judgment. Upon plaintiff's appeal to the circuit court, and a trial *de novo* there, defendant again prevailed; and the plaintiff brings the case here by appeal.

Upon the trial in the circuit court, the latter, over objections of plaintiff's counsel, admitted testimony concerning the oral negotiations between the parties prior to the execution of the written contract between them, with respect to the interest upon the Martin note. This was error. In the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, modify or contradict the terms or provisions of a written contract. "The written contract is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties. To permit a party when sued upon a written contract, to admit that he signed it, but to deny that it expressed the agreement he made . . . would absolutely destroy the value of all contracts or negotiable instruments." [Crim v. Crim, 162 Mo. l. c. 552, 63 S. W. 489, over-ruling Wright v. McPike, 70 Mo. 175. See, also, Bank v. Bank, 244 Mo. 554, 149 S. W. 495; Beheret v. Myers, 240 Mo. 58, 144 S. W. 824; Birdsall v. Coon, 157 Mo. App. 439, 139 S. W. 243; Zellar v. Ranson, 140 Mo. App. 221, 123 S. W. 1016; Breeders Co. v. Wright, 134

Mo. App. 717, 115 S. W. 470; Paris Mfg. Co. v. Carle, 116 Mo. App. 581, 92 S. W. 748; Catterlin v. Lusk, 98 Mo. App. 182, 71 S. W. 1109; Magee v. Verity, 97 Mo. App. 486, 71 S. W. 472; Johnston v. Life Ins. Co., 93 Mo. App. 580.]

Regarding this question respondent's theory is, that the testimony in question did not tend to vary the terms of the written instrument, but went to supply an omission therein or to explain an ambiguous portion thereof, to-wit, that relating to the interest to be paid on this note. This argument proceeds upon the theory that inasmuch as the contract merely provided that the defendant was to assume and pay the note in question, "with interest on same from March 8, 1910 until paid," it was competent to show what rate of interest was contemplated by the parties. But not only would it appear from this clause of the contract that defendant assumed the Martin note, with whatever interest it bore, but by the succeeding language of the instrument, with respect to the notes and interest assumed, defendant bound himself *"to fully comply with the conditions of said notes."* From this it clearly appears that defendant assumed and agreed to pay the notes in question, and the interest which might be or become payable thereon, according to the terms and conditions of the said notes themselves. If the provision to the effect that defendant assumed the note "with interest on same from March 8, 1910, until paid," could be said to leave any doubt as to this question (which we do not grant), the later language of the instrument would appear to set this matter at rest by providing that, with respect to the "notes and interest mentioned and assumed," the defendant should "fully comply with the conditions of said notes."

And by assuming this note the defendant, as between himself and the plaintiff, became the principal debtor, and plaintiff was relegated to the position of

surety with respect thereto; for such an agreement op-
erates to create the relation of principal and surety as
between the parties themselves.   [See Citizens Bank of
Senath v. Douglass et al., 178 Mo. App. 664, 161 S. W.
601.]

We may say further that the jury were instructed,
in part, upon the theory that there was evidence tend-
ing to show that plaintiff had "falsely represented to
the defendant the condition of the note in controversy,
and that the defendant relied solely upon the state-
ments made to him by the plaintiff, and was induced
thereby to sign the contract introduced in evidence and
sued on."   But the evidence, we think, wholly fails
to reveal any false or fraudulent representations made
by plaintiff to defendant with respect to the terms and
conditions of the note.   On the contrary, the testimony
adduced on this score is that plaintiff stated that he
was paying Martin six per cent, that the latter did not
desire the note paid, and that plaintiff said something
to the effect that the interest would be the same as he
had paid, to-wit, six per cent.   This does not show
fraud on the part of plaintiff; but rather that it was
plaintiff's opinion that the payee of the note, as he
was satisfied with the loan upon the land, would be
willing to renew the loan at six per cent interest.   De-
fendant, by the terms of the contract, assumed and
agreed to pay the note, and interest thereon, accord-
ing to its terms and conditions.   One of the terms and
conditions of the note was that it was to bear interest
at eight per cent after maturity.   The note was not re-
newed, and no dealings were had with the holder there-
of whatsoever, and when defendant came to pay it he
found that the holder insisted upon the payment of
eight per cent interest.   Having become the primary
obligor, as between the parties themselves, it devolved
upon defendant to arrange with the holder, if he could,
to renew the note at six per cent interest.   Not having.

done so, he is necessarily bound by the provisions of the note, and cannot escape liability for the payment of the interest which it lawfully bears.

In this view it is unnecessary to discuss specifically the assignments of error pertaining to the instructions. As no valid defense appears, the judgment should be reversed and the cause remanded with directions to enter judgment for plaintiff for the amount sued for with interest. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.