DEARBORN CANNING COMPANY, Respondent, v. KANSAS CITY, CLAY COUNTY & ST. JOSEPH RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 1, 1915.**

1. **CORPORATIONS: Damages: Execution of Contract: Denial under Oath.** If the execution of an instrument of writing consenting to the building of an electric railway along the street in front of property owned by a trading corporation and releasing all damages therefor, purporting to be executed in the name of the corporation by its president and secretary, is not denied under oath, its due execution will be deemed to be confessed under the statute of Missouri, and evidence to show that it was not properly executed should not be heard.

2. ————: **Written Contract: Release of Damage: Evidence.** A corporation owning property on a street over which an electric suburban railway was proposed to be constructed above the surface, signed a contract consenting to the road being so built in front of its property, and releasing damages. No fraud was practiced. It was *held* that verbal evidence should not be received to vary or contradict the writing, by showing that the railway agents promised that the road would not be elevated in front of the corporation's property.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED.

*Bowersock, Hall & Hook* and *Robert B. Fizzell* for appellant.

(1) Under the facts in this case no evidence was admissible to vary the terms of the written consent and waiver of damages executed by plaintiff. Crim v. Crim, 162 Mo. 544, 553; Paris Mfg. & Imp. Co. v. Carle, 116 Mo. App. 581; Ely v. Sutton, 177 Mo. App. 546, 162 S. W. 755; Johnson v. Covenant Mutual Life Ins. Co., 93 Mo. App. 580; Thorne, McFarlane & Co. v. Warfflein, 100 Pa. St. 519; Callanan v. Judd, 23 Wis. 343. (2) Considering all the evidence in the case, defendant made no misrepresentations sufficient to permit plaintiff to avoid the written consent and waiver of damages executed by it (a) There was no evidence of any misrepresentation of a past or existing fact. Younger v. Hoge, 211 Mo. 444; Estes v. Desnogers Shoe Co., 155 Mo. 577, 588.

*L. C. Gabbert* and *Broaddus & Crow* for respondent.

(1) Taking and damaging the street in front of and adjoining real estate is a taking of property within the terms of the Constitution. Spencer v. Railroad, 120 Mo. 154. (2) The paper does not purport to have been executed by the officer pursuant to or by authority of a resolution of the Board of Directors, which was necessary. Cook on Corporations (6 Ed.), sec. 722; 21 Am. & Eng. Ency., p._865; Calumet Paper Co. v. Printing Co, 144 Mo. 331; Hyde v. Larkin, 35 Mo. App 365; Degman v. Thoroughnan, 88 Mo. App. 62; Mining Co. v. Moore, 130 Mo. App. 633; State v. Perkins, 90 Mo. App. 603; Phillis v. Sanne, 157 Mo. 582. (3) The instruction is not acknowledged by plaintiff as a corpora-

tion, but the acknowledgments show that the execution of the instrument was the free act and deed of the president and secretary, personally. Cook on Corporations (6 Ed.), sec. 722; R. S. 1909, sec. 2799, cases cited under (a). (4) The seal of the corporation was not attached to the instrument and there was no showing or statement by the officers that the corporation had no seal. Cook on Corporations (6 Ed.), sec. 722; R. S. 1909, sec. 2773 and 3001; Perry v. Price, 1 Mo. 646; Hall v. Bank, 145 Mo. 418; Cases cited under (a).

ELLISON, P. J.—Plaintiff is a corporation engaged in canning fruits and vegetables in the town of Dearborn. Defendant is an electric, suburban railway corporation, operating its cars between the cities of Kansas City and St. Joseph, Missouri, and passing through said town over and along the street upon which plaintiff's plant abuts. Defendant built its track elevated high enough above the surface of the street to prevent the passing of vehicles at and near the plant, thereby, as plaintiff claims, doing it serious damage. This action was brought to recover such damages and on trial in the circuit court, resulted in a judgment for eighteen hundred dollars.

It is conceded that defendant built its track at an elevation above the surface of the street; but the defense set up in defendant's answer, is that plaintiff and other property holders agreed that it should be built in that way by executing a written contract in these words: "Whereas, the Kansas City, Clay County & St. Joseph Railway Company is applying to the Board of Aldermen of the city of Dearborn, for consent that it may construct an interurban railroad along Commercial street in said city, from the south end to the north end thereof, and whereas, in said application request is made for consent that an elevated structure may be built and maintained for the operation of said railroad during the whole of the length of said street

as aforesaid, and whereas we are desirous that said railroad shall be built, now therefore in consideration of one dollar to each of us in hand paid, and other good and valuable consideration received by us, we hereby consent that a franchise may be granted by the city of Dearborn in pursuance of the aforesaid request, and we hereby waive all right, if any we may in anywise have, to damages because of the construction, maintenance and operation of said proposed railway on an elevated structure along said Commercial street in front of our property.'' This agreement was signed by plaintiff's president and secretary and duly acknowledged. No fraud or mistake was shown. Furthermore it appeared in the evidence in plaintiff's behalf that after the road was constructed, but before its construction was approved by the Board of Aldermen, plaintiff, through its secretary, made some objection to the effect that it was going to make access to the property more difficult than was thought. The Board delayed action until he could confer with the construction company which had built· the road. He and an officer of that company met when he took the company's contract to construct a crossing; whereupon he then withdrew objections and consented to the board making its approval.

Plaintiff, in réply to defendant's answer, admitted that the contract consenting to the building of an elevated structure and releasing damages, was signed by certain persons pretending to act for it; ''but that they were not authorized by the board of directors to execute or sign the instrument relied on.''

Then, in same connection, it was alleged in the reply, that at the time the paper was signed defendant's agents made certain representations of facts to the persons signing plaintiff's name to the effect that the tracks ''would be on a level with the street in front of plaintiff's property and that the said tracks would not interfere with the use of the street in connection with

plaintiff's property, but in direct violation of said agreement'' defendant has so constructed its tracks that it is impossible for plaintiff to use the street.

When defendant offered the written contract of consent and release in evidence, plaintiff objected on the ground that it was not signed by parties authorized and that it was not a defense ''even though properly executed.'' The objection was overruled.

The persons so referred to as executing the contract of consent and release were the president and secretary of the plaintiff; and were two of its three directors. We cannot regard the plea of want of authority in the president and secretary to execute the contract from the fact that the replication containing the denial of its execution was not verified by affidavit as required by section 1985, Revised Statutes 1909, and it must, therefore, in the language of that statute, ''be adjudged confessed:'' Love v. Central Life Ins. Co., 92 Mo. App. 192; Thomas v. Life Assn., 73 Mo. App. 371; Parsons v. Levee Co., 73 Mo. App. 458.

But, as just stated, plaintiff's position is, that though the contract may have been executed by it, yet it was ''not a defense to this case.'' The only specification to this claim at the trial was that the contract was not binding from the fact, as claimed by plaintiff, that defendant's agents represented to it, just before its execution, that ''the tracks would be on a level with the street and that they would not interfere with the use of the street in connection with plaintiff's property.'' Testimony tending to prove that allegation was admitted by the trial court. Defendant objected in vain, that such testimony was an attempt, where there was neither fraud nor mistake, to vary and alter the terms of a written contract in violation of a fundamental rule of evidence. The contract was consent, in express terms, that the road was to be built ''along Commercial street from the south end to the north end'' and that it was to be elevated ''the whole length of said street''

and was to be "on an elevated structure along Commercial street in front of our property;" and yet here was an attempt to prove it was to be built *on a level* with the street in front of plaintiff's property. It was precisely in the teeth of the writing and undoubtedly should not have been admitted. [Crim v. Crim, 162 Mo. 544, 553; Och v. Ry. Co., 130 Mo. 27, 43; McGee v. Verity, 97 Mo. App. 486; Paris Mfg. Co. v. Carle, 116 Mo. App. 581; Johnson v. Covenant Mut. Life Ins. Co., 93 Mo. App. 580; Ely v. Sutton, 177 Mo. App. 546, 162 S. W. 755; Thorne McFarlane & Co. v. Warfflien, 100 Pa. St. 519, 527; Slaughter v. Smither, 97 Va. 202; Chamberlain v. Ins. Co., 109 Wisc. 4; Callanan v. Judd, 23 Wisc. 343, 353; McMaster v. Ins. Co., 99 Fed. 856, 863.]

The record showing that the contract was not procured by fraud, and plaintiff conceding that it was error to submit a question of fraud to the jury as an issue in the cause; the contract must stand as a complete bar to plaintiff's action.

Plaintiff assigns, in this court, as a ground of attack on the contract that its seal was not attacked by the officers signing. This was not one of the objections specified in the trial court and cannot be now considered. Besides, if it had been specified, it would have been unavailing, since, as we have seen, the execution of the paper stood confessed.

Other and additional arguments against the judgment were submitted by defendant which, in view of the foregoing, we need not consider.

The judgment will be reversed.   All concur.