GAIL DAY, Plaintiff in Error, v. NATIONAL FIRE INSURANCE COMPANY, a Corporation, Defendant in Error.

### In the Springfield Court of Appeals, July 2, 1924.

1. **INSURANCE: Chattel Mortgage on Automobile Breach of Condition of Policy, Even Though Assured Signed Mortgage Without Knowing its Nature.** Where plaintiff assured had given a chattel mortgage on his automobile, policy of insurance covering the car which contained a provision against incumbrance was breached by the giving of the mortgage and avoided thereby, even though plaintiff testified that he signed some papers "in a hurry" without reading them and without knowning their nature and did not know he was executing a mortgage, the mortgage being valid and not rendered void by his ignorance of its nature.

2. ——: **Clause Avoiding Policy if Property Mortgaged Held Valid.** A clause avoiding an insurance policy in case a mortgage is placed upon the property is valid, and a breach thereof renders the policy void.

3. ——: **On Showing of Mortgage Contrary to Terms of Policy, Peremptory Instruction Should be Given.** In action on policy for loss of automobile, on proof that the car was mortgaged contrary to provision of policy against incumbrance, peremptory instruction in favor of insurer should have been given.

Error to the Circuit Court of Pemiscot County.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*S. V. Medling* and *Mayes & Gossom* for plaintiff in error.

(1) An invalid mortgage is not an incumbrance. May on Insurance (2 Ed.), sec. 292. (2) Where a party signs a mortgage, not intending to sign same, and the other party knows that he does not intend to sign same, such mortgage is void. 9 Cyc. 390. (3) Where nothing of value or benefit is received for a mortgage, it is void. Smith v. Richardson, 77 Mo. App. 431; Hume v. Eagon, 83 Mo. App. 576; Allen v. Richter, 286 Mo. 691; Jones on Mortgages, sec. 459. (4) Parol evidence is admissible to contradict the consideration clause in a mortgage. Baile v. Insurance Co., 73 Mo. 371. (5) A failure of consideration may be shown, though not pleaded. Sec. 1404, R. S. 1919.

*Ward, Reeves & Oliver* for defendant in error.

(1) This appeal should be dismissed for the reason that plaintiff has not complied with sec. 1502, R. S. 1919, by causing notice, thereof in writing to be served on the adverse party, or his attorney of record twenty days before the return day of such writ. Garth v. Motter, 248 Mo. 477. (2) A misrepresentation that the automobile insured was a 1919 model, when in fact it was a 1917 model, was material to the risk and would void the policy as a matter of law, even though the representations were innocently made, if they were relied upon by the insurer, and formed a basis for the insurance. Kenney v. Fire Ins. Co., 247 S. W. 249; Hughes v. Fire Ins. Co., 257 S. W. 500; Bushong v. Ins. Co., 253 S. W. 175; Buck v. Ins. Co., 29 Mo. App. 302, and cases cited; Smith v. Insurance Co., 188 Mo. App. 207. (3) The demurrer to the evidence offered by the defendant should have been sustained for the

reason that there was such a breach of warranty as materially affected the risk. As a matter of law, such a warranty voids a policy. Ramer v. Ins. Co., 70 Mo. App. 44; Hollenback v. Ins. Co., 133 Mo. App. 57. (4) Plaintiff having charged fraud in the execution of the chattel mortgage, upon him rests the burden of proving it. Wall v. Bedie, 161 Mo. 625; Mansur Implement Co. v. Ritchie, 143 Mo. 587; State ex rel. v. Hope, 102 Mo. 428; Hayden v. Grocer Co., 88 Mo. App. 241.

FARRINGTON, J.—From a judgment rendered in the circuit court in defendant's favor, the plaintiff in error brings this case here on writ of error. As we view this case the plaintiff is precluded from recovering as a matter of law. Briefly stated, the facts are these:

The plaintiff entered into negotiations with Mr. J. L. Daniels, agent for the Weber Implement Co., for the purchase of a second-hand Dodge automobile and practically agreed to give Daniels some notes which he, the plaintiff, owned as part payment for the car. Before closing the deal he concluded that he would prefer a Reo car, which was in the same garage and owned by a man by the name of Duncan. He then went to see Duncan and made a deal whereby Duncan took the Dodge car and the plaintiff the Reo roadster. He then went to the garage and got the car and drove it for an hour or so to try it out before closing the deal for it, and when he returned to the garage he told Daniels he would take the Reo and Daniels told him to come in and sign up. The plaintiff says he was in a hurry and signed up some papers without reading them or knowing what they were. There is no charge in the case that Daniels misled, deceived or in any way tricked the plaintiff into signing the papers which were executed; and plaintiff gives as his reason for not reading what he was signing that he was "in a hurry." He then drove to the place of business of defendant's agent, took out a policy of insurance on the car which policy contained a provision making it null and void if the car was subject

to any lien or mortgage. The automobile was afterwards burned and demand made for the insurance. It developed from the testimony that the paper which the plaintiff signed in a hurry, and which he did not read, turned out to be a chattel mortgage covering the car which was insured securing the payment of the notes which the plaintiff was turning over to Daniels, which mortgage was filed with the recorder of deeds.

The plaintiff attempts to evade the provision in the mortgage by claiming that he did not know he was signing a chattel mortgage and did not know there was a mortgage covering this car, and therefore the mortgage was void and not such as would be avoided by the provision in the policy. This is not a good defense. This court and other courts have repeatedly held that one who signs a contract is presumed to know and understand its terms and a mere failure to read or inform himself of such terms, in the absence of fraud, is no defense. [Deming Inv. Co. v. Wasson, 192 S. W. 764; Paris Mfg. & Importing Co. v. Carle, 116 Mo. App. l. c. 590, 92 S. W. 751; United Breeders Co. v. Wright, 134 Mo. App. 717, 115 S. W. 470; First Nat. Bank v. Hall, 129 Mo. App. 286, 108 S. W. 633.]

The plaintiff, neither in his petition nor his evidence, undertakes to charge any fraud, artifice or manipulation on the part of Daniels to whom he gave the mortgage securing the notes which he, the plaintiff, was turning over to Daniels. The law of the land and the justice of the case demands that men who are in full possession of their faculties, absent fraud or mistake, will be held to their obligations entered into in writing.

The clause avoiding a policy in case a mortgage is placed upon the property is valid and a breach thereof renders the policy void. [Ramer v. American Central Ins. Co., 70 Mo. App. 47.]

The provision in the policy was a written warranty which the plaintiff made and one materially affecting

the risk of insurance. Under the evidence we do not believe that it was an intentional misrepresentation on his part, but he made the warranty because of his negligence in failing to read the papers he had just signed when he took the car out. It is a general rule that the law refuses help to one who has brought injury on himself through his own negligence.

The trial court should have given a peremptory instruction at the close of the case. It did, however, give an instruction to the jury, along with other instructions, which in effect amounted to a peremptory instruction, in that it advised the jury that if they believed the chattel mortgage was on record then they must find for the defendant. The jury returned a verdict for the defendant, which, under the law, made the judgment go for the right party. It is unnecessary to notice other matters raised in the brief, and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.